THE STATE OF OHIO, APPELLEE, *v.* BARNES, APPELLANT.

(No. 15-81-6—Decided September 24, 1982.)

Mr. Stephen E. Keister, prosecuting attorney, and Mr. Charles F. Koch, for appellee.

Mr. Randall M. Dana, public defender, and Mr. Harry R. Reinhart, for appellant.

GUERNSEY, J. This is an appeal by the petitioner Robert E. Barnes from a judgment of the Court of Common Pleas of Van Wert County dismissing his petition for post-conviction relief from his conviction and sentence by the Court of Common Pleas of Henry County for the crime of murder occurring in Van Wert County. The post-conviction remedy petition was filed in the Court of Common Pleas of Henry County but proceedings thereon were transferred *sua sponte* to the Court of Common Pleas of Van Wert County. The judge who ordered the transfer is a judge of the Court of Common Pleas of Lucas County and is the same judge who acted as a judge of the Court of Common Pleas of Henry County

in the original conviction and sentence and the same judge who acted as a judge of the Court of Common Pleas of Van Wert County in rendering the judgment now appealed, sitting by assignment in the counties of Henry and Van Wert respectively.

At the time of the hearing of this appeal on its merits, this court, being of the mistaken impression that the post-conviction remedy petition had been filed initially in Van Wert County rather than in Henry County, the county of sentence, required counsel for the parties to brief the issue of venue of the post-conviction remedy proceedings. This resulted in the petitioner, appellant herein, amending his brief to include as his second assignment of error the following which we will dispose of before considering the first assignment of error:

"The trial court erred in transferring defendant's post-conviction hearing from the court in Henry County which imposed sentence to a court in Van Wert County.

"A. Revised Code 2953.21(A) requires that any person who wishes to file a post-conviction petition must do so in the court which imposed sentence and a ruling on a post-conviction from any other court is contrary to legislative intent.

"B. Upon the change of venue from Van Wert County to Henry County, Van Wert County was deprived of jurisdiction over any subsequent proceedings and its ruling on appellant's post-conviction is void."

If these respective branches of the assignment of error conformed with the procedural aspect of this case, the appellant's arguments and authority dealing therewith would be most convincing, but the procedural aspect of this case presents a somewhat different issue. As hereinbefore noted the post-conviction remedy petition was, in fact, initially filed in Henry County and not in Van Wert County and it was decided by the Court of Common Pleas of Van Wert County only after venue was changed thereto *sua*

*sponte* by the Court of Common Pleas of Henry County.

It should also be noted that neither of the parties has, prior to the issue being raised by this court on appeal, made any objection at any time from the standpoint of venue or jurisdiction to the entry of judgment on the post-conviction remedy petition by the Court of Common Pleas of Van Wert County. The issue thus narrows to whether under such circumstances the judgment rendered by that court is void or, for that matter, voidable by post-conviction proceedings.

Venue with respect to the situs of a crime is ordinarily considered an element of the offense which must be proved along with the other elements. As such it has a constitutional origin and guarantee which may be claimed by the defendant. Here, however, we have an entirely different situation. Conviction and sentence has already occurred, the crime has been proved, and the only issue (under R.C. 2953.21) is whether "there was such a denial or infringement of his [the defendant's] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." The issue has nothing to do with guilt or innocence, in fact, but relates solely to the procedure by which guilt was proved.

To a large degree the post-conviction remedy provided by R.C. 2953.21 is a procedural review, a special statutory proceeding, with different rules of pleading, different rules of evidence, different burdens of proof, and different judgments than exist in criminal trials.

Except for due process considerations, the venue of a post-conviction remedy proceeding has no constitutional basis and does not depend on the situs of the crime. Although R.C. 2953.21 requires that the post-conviction remedy petition be filed "in the court which imposed sentence," there is nothing in R.C. 2953.21 *et seq.*, which either requires or precludes a transfer of venue of such pro-

ceeding. The same considerations existing respecting the selection of juries and/or the protection of witnesses in criminal trials have no bearing with respect to post-conviction remedy proceedings. Crim. R. 18 relating to venue and change of venue appears to be designed for the purpose of guaranteeing "a fair and impartial trial" of a "criminal case."

"Venue" is not the equivalent of "jurisdiction." The former denotes the locality where the suit should be heard whereas the latter denotes the power to hear. Irregularities in venue, when a court has jurisdiction over the subject matter, generally make the judgment merely voidable rather than void. As stated in 22 Corpus Juris Secundum 570-571, Criminal Law, Section 222:

"Where the proceedings in the court granting change of venue are so irregular as to be wholly void, the court to which the case is taken acquires no jurisdiction, and the question may be raised at any time in the course of proceedings in that court, or for the first time on appeal, as stated infra § 1676; but irregularities not rendering the proceedings wholly void, but merely voidable, may be waived, and are waived by failure to interpose proper and timely objections. The right to object may be waived by conduct as well as by express agreement. Thus, objection to the regularity of the proceedings by which the cause reaches the court designated by the order may be waived by appearance, by moving for a continuance, by proceeding to trial without questioning the validity of the transfer, or in any other manner which will signify submission to the jurisdiction."

In our opinion the change of venue from Henry County to Van Wert County was not void and, if erroneous, merely voidable. By failing to object thereto the petitioner waived any error in the transfer. The second assignment of error is, therefore, without merit.

Proceeding then to petitioner's first assignment of error:

"The trial court erred in failing to appoint counsel to represent petitioner during the evidentiary hearing held pursuant to the post-conviction relief act, Revised Code Section 2953.21 *et seq.*"

At an early stage of the post-conviction proceedings, the trial court determined without hearing that some of the allegations were without merit. However, hearing was ordered on the merits of the allegation of ineffective assistance of counsel. Notwithstanding that concurrently with the filing of his petition to vacate sentence the defendant moved for the appointment of counsel and during hearing moved for a continuance "so that I can be appointed counsel and subpoena witnesses," the trial court proceeded with the hearing without appointing counsel for the defendant.

Former R.C. 2953.24, which mandated the appointment of counsel when requested by indigent petitioners in post-conviction remedy proceedings if the trial court found substantive grounds for post-conviction relief requiring a hearing, was repealed effective January 13, 1976, by the same legislation which enacted the Public Defender Act, R.C. Chapter 120.

In *State* v. *Castro* (1979), 67 Ohio App. 2d 20 [21 O.O.3d 338], a panel of the Court of Appeals for Cuyahoga County decided on October 11, 1979, that the "appointment of counsel for postconviction proceedings is a matter of judicial discretion which may be exercised pursuant to the public defender statutes, specifically R.C. 120.16 and 120.26," and that counsel "for postconviction proceedings is not a matter of right in Ohio, neither constitutional, nor statutory." *Id.* at 22. In doing so, it placed reliance on the case of *State* v. *Vasarab* (Nov. 10, 1977), Cuyahoga App. No. 36875, unreported. On the same date (*i.e.*, October 11, 1979) another panel of the Court of Appeals for Cuyahoga County, in *State* v. *Redfern,* No. 39793, unreported, said at page 3 of the opinion that the "initial burden of preparing and presenting petitions for post-conviction

relief has been stated to rest solely upon the prisoner himself without any obligation imposed upon the state to provide him with the assistance of counsel. *Johnson* v. *Avery* (1969), 393 U.S. 483, 487-88," and that all "that is required is that prison authorities provide inmates with adequate library facilities or personnel assistance to guarantee that they have access to the courts to present their claims of constitutional violations. *Bounds* v. *Smith* (1977), 430 U.S. 817; *Young* v. *Ragen* (1949), 337 U.S. 235."

We agree with the conclusion in *State* v. *Redfern* that appointed counsel is not required for the initial burden of preparing and presenting petitions for post-conviction relief. However, we cannot agree that such is the case when the matter has progressed to the merit hearing stage.

Reference to the case of *State* v. *Vasarab,* cited as authority in *State* v. *Castro,* discloses that the case did not involve a post-conviction hearing and that the following is the only matter dealing with the right to counsel:

"The fourth assignment of error is related to the constitutional right to counsel. Appellant contends that he had the right to have assigned counsel represent him at the post-conviction proceedings. The statute which provides for assigned counsel in post-conviction proceedings involving indigent defendants, R.C. § 2953.24, was repealed effective January 13, 1976. As a consequence, there is no statutory right in Ohio for assignment of legal counsel in this case. Moreover, even if the appellant were entitled to assigned counsel, such counsel would not logically be appointed unless a hearing was granted, which is the post-conviction proceeding for which a defendant might require professional representation. For these reasons, the fourth assignment of error is without merit." *Vasarab,* at pages 4-5.

It becomes obvious that these various cases of the Cuyahoga County Court of Appeals did not, on their facts, constitute authority for a conclusion that an indigent defendant is not entitled as a matter of right to the appointment of counsel to represent him at a hearing on the merits of his post-conviction petition. Indeed, the Cuyahoga County cases appear to negative the existence of any statutory authority for the appointment of counsel at any stage of a post-conviction proceeding. However, in the same Act which repealed R.C. 2953.24, the following subdivisions were enacted by the General Assembly as part of the Public Defender Act:

R.C. 120.16 (when representation is to be provided; notice to accused):

"(A)(1) The county public defender shall provide legal representation to indigent persons charged with the violation of a statute that is a serious offense as defined in the Rules of Criminal Procedure, and *in postconviction proceedings as hereinafter defined.*" (Emphasis added.)

R.C. 120.33 (county appointed counsel system):

"In lieu of using a county or joint county public defender to represent indigent persons *in the proceedings set forth in division (A) of section 120.16 of the Revised Code,* the county commissioners of any county may adopt a resolution to pay counsel who are either personally selected by the indigent person or appointed by the court. * * *"" (Emphasis added.)

Accordingly, we readopt our conclusion inherent in our decision in *State* v. *Boyer* (March 19, 1980), Auglaize App. No. 2-79-30, unreported, and hold that where a hearing is required on the merits of a post-conviction remedy petition, an indigent petitioner is entitled as a matter of right to have counsel appointed to represent him at such hearing. The trial court here abused its discretion and, as assigned, committed error prejudicial to the appellant in not doing so, requiring reversal of its judgment and remand to

that court, *i.e.,* to the Court of Common Pleas of Van Wert County, for the appointment of counsel for such purpose and for new hearing on the issue of ineffectiveness of trial counsel.

*Judgment reversed and cause remanded.*

Cole, P.J., and Miller, J., concur.