OPINION
Defendant-appellant, Dale L. Slusher, appeals the denial of his second petition for postconviction relief.[1]
In 1980 appellant was convicted of aggravated murder and sentenced to life imprisonment. His conviction was affirmed on direct appeal. State v. Slusher (July 15, 1981), Clermont App. No. CA990, unreported. The trial court denied appellant's previous petition for postconviction relief and that decision was also affirmed on direct appeal. State v. Slusher (Aug. 26, 1985), Clermont App. No. CA85-03-020, unreported.
In the case at bar, appellant's first assignment of error claims the trial court erred in dismissing his petition on its merits without a hearing. Appellant argues he was denied the effective assistance of trial counsel. However, a petition presenting such an argument will be denied without a hearing where the petitioner fails to submit sufficient documentation to demonstrate that counsel violated an essential duty and that the defense was prejudiced by counsel's ineffectiveness. State v. Huff (May 5, 1997), Butler App. No. CA97-01-004, unreported. See, also, State v. Jackson (1980), 64 Ohio St.2d 107. Appellant failed to present supporting documentation and the trial court did not err in dismissing the petition without a hearing.
The second assignment of error claims the trial court erred in denying appellant's motion for the appointment of "expert assistance" to help appellant obtain the necessary evidence to show good cause for holding an evidentiary hearing on the petition. Appellant sought the appointment of counsel to assist him in the investigation and preparation of his petition. The appointment of counsel is not required for the initial burden of preparing and presenting an indigent's petition for postconviction relief. State v. Barnes (1982), 7 Ohio App.3d 83. Accordingly, the second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] This court sua sponte assigned this case to its accelerated calendar.