JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Kevin Johnson, appeals from the judgment of the Cuyahoga County Common Pleas Court dismissing his petition for postconviction relief without a hearing. For the reasons stated below, we affirm.
 a. FACTS AND PROCEDURAL HISTORY {¶ 2} The facts of this case were set forth by this court in our opinion dated April 10, 2003, in which we affirmed appellant's conviction. State v. Johnson, Cuyahoga App. No. 80857, 2003-Ohio-1826. We stated:
 {¶ 3} "The record reveals that a two-count indictment was returned against appellant and co-defendant, Alfred Worwell, charging them both with one count each of kidnapping, in violation of R.C. 2905.01, and rape, in violation of R.C. 2907.02. The kidnapping charge contained a sexual motivation specification, in violation of R.C. 29071.01(K).
 {¶ 4} "The events giving rise to the indictment began on Friday, February 16, 2001, at which time it was alleged that appellant and Worwell met the victim at a local gas station where the latter agreed to exchange drugs and money for sex. After having consensual sex with both men, the victim, appellant and Worwell smoked some crack cocaine and drank alcohol. Worwell left at some point and returned with another woman. Upon Worwell's return, he and his companion went into Worwell's bedroom and the victim went to sleep on the living room floor. Late the next morning, all four individuals again ingested drugs and consumed alcohol. Worwell's companion left some time during the day and appellant, Worwell and the victim went to a local bar late Saturday evening. The victim testified that she wanted to leave at this point but Worwell denied her request. Apparently Worwell blamed the victim for the absence of his earlier companion and thought the victim owed him and appellant further sexual favors.
 {¶ 5} "The victim testified that she returned with appellant and Worwell to the house and was ordered to take off her clothes. When she was not immediately compliant, she testified that Worwell punched and beat her about her head and other parts of her body. Fearing for her life, she eventually complied and, without her consent, engaged in vaginal intercourse with appellant while Worwell watched. According to her testimony, Worwell then discussed his plans for further sexual activities involving the victim. At this point she was able to exit out the back door of the house, unclothed however, and ran into the middle of the street where she was found by a passing motorist who escorted her to the police station.
 {¶ 6} "Appellant and Worwell were eventually arrested, charged as previously stated and tried together. Appellant was found not guilty of kidnapping but guilty of rape as charged and sentenced to six years in prison." Id. at ¶¶ 3-5.
 {¶ 7} Appellant subsequently appealed from his conviction. This Court affirmed appellant's conviction, but found that the trial court had failed to comply with R.C. 2929.14(B) and 2929.11(B) in sentencing appellant. Accordingly, we remanded the matter for resentencing.
 {¶ 8} On August 26, 2002, while his appeal was pending, appellant filed a petition to set aside or vacate his sentence pursuant to R.C.2953.21, along with an affidavit of indigency and a motion for appointment of counsel to represent him regarding his petition.
 {¶ 9} In October 2002, the trial court, without a hearing, denied appellant's petition to set aside or vacate his sentence. The trial court also denied appellant's motion for appointment of counsel. Four months later, after appellant filed a motion for findings of fact and conclusions of law, the trial court issued findings of fact and conclusions of law as required by R.C. 2953.21.
 {¶ 10} Appellant appealed the trial court's judgment denying his petition, raising four assignments of error for our review.
 TIMELINESS OF PETITION {¶ 11} As an initial matter, we must address whether appellant's petition for postconviction relief was timely filed. The trial court concluded that the petition was untimely and, therefore, dismissed it without a hearing.
 {¶ 12} Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.State v. Reynolds (1997), 79 Ohio St.3d 158.
 {¶ 13} R.C. 2953.21(A)(2) requires that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."
 {¶ 14} The record in Case No. 80857 — appellant's direct appeal of his conviction — was filed in the court of appeals on February 20, 2002. The trial transcript was not filed, however, until April 25, 2002, after this court granted appellant an extension of time to file the transcript. Appellant filed his petition for postconviction relief on August 26, 2002, well within the 180-day provision of R.C.2953.21(A)(2). Accordingly, the trial court erred in finding that appellant's petition was not timely filed.
 {¶ 15} Nevertheless, we hold that the trial court did not err in dismissing appellant's petition without an evidentiary hearing. A review of the petition, the files and the record of the case leads us to conclude that appellant has failed to demonstrate that there are substantive constitutional grounds for relief. The deficiencies of appellant's claims are discussed in detail below in our analysis of appellant's assignments of error.
 ASSIGNMENTS OF ERROR {¶ 16} R.C. 2953.21, which governs petitions for postconviction relief, provides in pertinent part:
 {¶ 17} "(A)(1) Any person convicted of a criminal offense *** and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 18} "* * *
 {¶ 19} "(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 20} It is well settled that a hearing is not automatically required whenever a petition for postconviction relief is filed. Statev. Slagle (Aug. 10, 2000), Cuyahoga App. No. 76834, citing State ex rel.Jackson v. McMonagle (1993), 67 Ohio St.3d 450; State v. Strutton
(1988), 62 Ohio App.3d 248, paragraph one of the syllabus. The pivotal concern is whether there are substantive constitutional grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits and material, and the files and record of the cause. Id., citing State v. Jackson (1980), 64 Ohio St.2d 107, 100;Strutton, supra. A petitioner is entitled to postconviction relief under R.C. 2953.21 only if the court can find that there was such a denial or infringement of the petitioner's rights so as to render the judgment void or voidable under the Ohio or United States Constitutions. State v.Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. Where a petition for postconviction relief fails to allege facts which, if proved, would entitle the petitioner to relief, the trial court may so find and summarily dismiss the petition. Perry, supra, paragraph two of the syllabus.
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 21} Appellant's petition for postconviction relief set forth various claims of ineffective assistance of counsel. In his first assignment of error, appellant contends that the trial court erred in dismissing his petition because he was denied his constitutional right to effective assistance of counsel when his trial counsel failed to adequately investigate the case and to adequately cross-examine the victim. Specifically, appellant contends that trial counsel should have called witnesses from the bar "that could have been helpful to the defense" and that trial counsel should have questioned the victim on cross-examination about her drug use and prior criminal record.
 {¶ 22} Under the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings brought pursuant to R.C. 2953.21 where they have already or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. Perry, supra at paragraph seven of the syllabus; State v. McCullough (1992), 78 Ohio App.3d 587, 591. Issues properly raised in a petition for postconviction relief are those which could not have been raised on direct appeal because the evidence supporting such issues is outside the record. State v. Milanovich
(1975), 42 Ohio St.2d 46, 50; State v. Durr (July 28, 1994), Cuyahoga App. No. 65958, unreported. If an issue has, or should have been, raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. State v. Spisak (Apr. 13, 1995), Cuyahoga App. No. 67229.
 {¶ 23} Here, any alleged ineffective assistance of counsel and resultant prejudice can be determined from the record. Therefore, this claim could have been raised on direct appeal and is now barred from consideration by application of the doctrine of res judicata.
 {¶ 24} Moreover, even assuming for the sake of argument that appellant's claim of ineffective assistance of counsel can not be determined from the record, it is not supported by any evidence outside the record.[1] Specifically, appellant did not produce affidavits from anyone at the bar on the evening in question asserting that the individual observed anything "helpful to the defense." Appellant also produced no evidence outside the record to indicate that the victim's drug use or prior criminal record affected her credibility. "A petition for postconviction relief may be dismissed without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 25} Finally, we note that there are countless ways for an attorney to provide effective assistance in a given case and we must give great deference to counsel's performance. Strickland v. Washington
(1984), 466 U.S. 668, 689, 80 L.Ed.2d 674, 104 S.Ct. 2052. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49, certiorari denied (1980), 449 U.S. 879, 66 L.Ed.2d 102, 101 S.Ct. 227. Within the purview of trial tactics is defense counsel's selection of witnesses to call at trial. State v. Coulter (1992), 75 Ohio App.3d 219, 230.
 {¶ 26} Here, appellant simply challenges his trial counsel's strategy in determining what witnesses to call and what questions to ask of the victim. An attorney's strategic decisions, however, will not be the subject of second-hand guessing by courts reviewing claims of ineffective assistance of counsel. State v. Bradley (1989),42 Ohio St.3d 136. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, supra at 699. Strategy and tactical decisions employed and exercised by defense counsel which are "well within the range of professionally reasonable judgment" need not be analyzed by a reviewing court. Id.
 {¶ 27} Here, nothing in appellant's petition, when considered against the entire record, raises an issue of fact that appellant was deprived of effective assistance of counsel during any phase of the trial. Accordingly, the trial court properly dismissed this claim.
 INCOMPLETE TRIAL TRANSCRIPT {¶ 28} In his second assignment of error, appellant contends that the trial court erred in dismissing his petition for postconviction relief because the trial transcript is incomplete. Specifically, appellant contends that Heather Phillips, the woman who picked up the victim when she ran naked from appellant's apartment, testified that she picked up the victim on February 18, 2001, rather than February 17, 2001, but her testimony to this effect is missing from the record. Appellant also asserts that Phillips' testimony that the victim told her that she wanted to go back to appellant's apartment to get her clothes is missing from the record. Appellant contends that this alleged missing testimony conflicts with other testimony at trial and, therefore, "is vital to his defense."
 {¶ 29} App.R. 9(E) sets forth the proper procedure for correcting material omissions from a trial court record:
 {¶ 30} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."
 {¶ 31} The record reflects that appellant never filed a motion with the trial court requesting that the record be corrected nor did he file any such motion with the court of appeals while the direct appeal of his conviction was pending. Thus, appellant failed to utilize the remedies offered by App.R. 9(E) to correct the record. Assuming, however, without deciding, that a claim regarding an incomplete trial transcript may properly be raised in a petition for postconviction relief, appellant produced no evidence regarding why this claim could not have been heard on direct appeal. Moreover, appellant did not produce any evidence whatsoever to establish that any part of Ms. Phillips' testimony is indeed missing from the record. Accordingly, the trial court did not err in dismissing this claim.
 {¶ 32} Appellant's second assignment of error is overruled.
 VALIDITY OF SEARCH WARRANT {¶ 33} In his third assignment of error, appellant challenges the validity of the search warrant executed at appellant's and Worwell's home.
 {¶ 34} As we noted previously, issues properly raised in a petition for postconviction relief are those which could not have been raised on direct appeal because the evidence supporting such issues is outside the record. Appellant submitted no evidence with his petition demonstrating why this claim could not have been raised on direct appeal. Accordingly, the claim is barred by the doctrine of res judicata and, therefore, the trial court did not err in dismissing the claim.
 {¶ 35} Appellant's third assignment of error is overruled.
 MOTION TO APPOINT COUNSEL {¶ 36} In his fourth assignment of error, appellant asserts that the trial court erred in denying his motion to appoint counsel for him to pursue postconviction relief.
 {¶ 37} An indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding. State v. Crowder (1991), 60 Ohio St.3d 151, 152, citingPennsylvania v. Finley (1987), 481 U.S. 551. Moreover, "appointed counsel is not required for the initial burden of preparing and presenting petitions for postconviction relief." State v. Barnes (1982),7 Ohio App.3d 83, 86. A petitioner is, however, entitled to representation by a public defender at an evidentiary hearing regarding the postconviction petition if the public defender concludes that the issues raised by the petitioner have arguable merit. Id. at paragraph one of the syllabus.
 {¶ 38} We have already concluded that the trial court properly found that appellant's petition failed to raise any substantive constitutional grounds for relief, and, therefore, properly dismissed appellant's petition without an evidentiary hearing. Without a hearing, there was no need for appointed counsel to represent appellant regarding his petition and, therefore, the trial court did not err in denying appellant's motion for appointment of counsel.
 {¶ 39} Appellant's fourth assignment of error is overruled.
Judgment affirmed.
ANNE L. KILBANE, P.J. AND ANN DYKE, J. CONCUR.
[1] In fact, appellant did not produce any evidence outside the record to support any of his claims for postconviction relief.