DECISION AND JUDGMENT ENTRY
{¶ 1} Dale L. Sheets appeals the decision of the Athens County Court of Common Pleas denying his petition for postconviction relief without conducting an evidentiary hearing. Because Sheets' filed his petition in an untimely manner, we find that the trial court properly denied the petition. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} "The Athens County Grand Jury indicted Sheets on one count of failure to comply with an order or signal of a police officer with the specification that Sheets was driving in a manner that caused substantial risk of harm to himself and other persons or property, and on one count of driving while under the influence of alcohol. Sheets pled not guilty, and the case proceeded to a trial by jury.
 {¶ 3} "The trial testimony revealed that on September 16, 2001, Sheets drove a 1981 black pick-up truck to the EZ Mart in Glouster. Sheets filled the truck with gasoline while his companions, David Robinson and Richard Stevenson, went into the store. Sheets allegedly gave Stevenson ten dollars to pay for the gasoline. Stevenson forgot to give the EZ Mart clerk the ten dollars, and Sheets drove away without paying for the gasoline.
 {¶ 4} "The EZ Mart clerk called the police to report that a black pick-up truck occupied by three people drove off without paying for gasoline. Officer Mace of the Glouster Police Department heard the radio dispatch regarding the drive-off. Officer Mace began looking for the black pick-up truck as he drove on Binderbasin Road toward the EZ Mart. Officer Mace's cruiser was marked with reflective emblems on the side, and he had his emergency lights activated. When Officer Mace saw Sheets' truck approaching, he attempted to stop it by cutting in front of the truck and stopping.
 {¶ 5} "Sheets showed no sign of attempting to slow down or yield to Officer Mace, and Officer Mace became concerned for his safety and for the potential damage to his vehicle. Consequently, Officer Mace moved his cruiser out of Sheets' way and Sheets passed him, going partway into the ditch as he did so. Officer Mace then made a U-turn and pursued Sheets. Sheets was driving approximately fifty miles per hour. Officer Mace believes the speed limit on Binderbasin Road is twenty-five or thirty-five miles per hour, but agreed that the speed limit is not posted. (Footnote omitted)
 {¶ 6} "Approximately two-tenths of a mile down the road, Sheets turned into the Hand family's driveway. Four members of the Hand family testified that Sheets came `flying' down the road and into their driveway. Jacob Hand stated that the back of Sheets' pick-up truck was going too fast and that it spun with a slide as it turned into the driveway. Jacob Hand further stated that Sheets slammed on the breaks and that the truck went beyond the length of the driveway, sliding five to seven feet into the yard before coming to a stop. Diana Hand testified that she moved away when the truck pulled into the driveway, because it really frightened her and she was eight months pregnant.
 {¶ 7} "As the truck came to a stop, Stevenson jumped from the truck, dropped his beer, and began to run into the woods. Officer Mace pulled in behind Sheets' truck. Sheets exited the truck and began walking quickly away. Sheets did not heed Officer Mace's orders to stop, and as Officer Mace pulled his gun, Sheets broke into a run. He slipped and fell after a short distance. Officer Mace handcuffed Sheets and took him back to the cruiser.
 {¶ 8} "In addition to the testimony of the EZ Mart clerk, Officer Mace, and the four members of the Hand family, one of Sheets' passengers, Robinson, testified for the prosecution. Robinson stated that Sheets was `driving like a maniac' and that he was concerned for his own safety when Sheets continued driving after Officer Mace began to chase them.
 {¶ 9} "Sheets' other passenger, Stevenson, testified for the defense that Officer Mace never signaled for Sheets to stop and that Sheets was driving normally throughout the incident. Stevenson also stated that he forgot to pay for the gasoline with Sheets' ten dollars.
 {¶ 10} "Sheets testified that he was not aware that he had not paid for his gasoline, and that he never saw Officer Mace signal to pull him over. Sheets stated that he first suspected, but was not sure, that Officer Mace wanted him to stop when he saw Officer Mace turn around to follow him. At that point, he immediately pulled over at the first available safe location, which was the Hand's driveway.
 {¶ 11} "The jury found Sheets guilty of failure to comply, and found that Sheets' conduct caused a substantial risk of physical harm to persons or property. The jury found Sheets not guilty of driving under the influence of alcohol." State v. Sheets, Athens App. No. 02CA015, 2002-Ohio-6423, ¶ 2-11. The trial court sentenced Sheets to three years imprisonment.
 {¶ 12} Sheets appealed his conviction and sentence on the basis that (1) the conviction was based on insufficient evidence and against the manifest weight of the evidence, (2) the trial court failed to consider the mandatory sentencing factors set out in R.C. 2921.331(C)(5)(b), and (3) he received ineffective assistance of trial counsel. This Court affirmed the conviction and sentence on November 20, 2002.
 {¶ 13} On August 27, 2003, Sheets filed a petition for postconviction relief pursuant to R.C. 2953.21 and requested appointed counsel. Because Sheets untimely filed the petition, the trial court denied it without a hearing. The trial court also denied Sheets' request for appointment of counsel because it denied the petition without a hearing.
 {¶ 14} On October 24, 2003, Sheets filed a motion to amend his petition for postconviction relief. The trial court denied the motion. Sheets also filed a motion for an order to disclose the transcript of the grand jury testimony. The trial court denied this motion because Sheets failed to show a particularized need for the transcript.
 {¶ 15} Sheets appeals and asserts nine assignments of error.
 II. {¶ 16} In his first assignment of error, Sheets argues that the trial court committed reversible error by summarily dismissing his petition for postconviction relief without conducting an evidentiary hearing. Sheets contends that his petition for postconviction relief raised issues that his conviction was void or voidable on constitutional grounds. The decision to grant an evidentiary hearing is left to the sound discretion of the trial court. State v. Howell (June 26, 2000), Adams App. No. 99CA677.
 {¶ 17} R.C. 2953.21 governs petitions for postconviction relief. Pursuant to R.C. 2953.21(A)(2) a petition for postconviction relief must be "filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
 {¶ 18} Pursuant to R.C. 2953.23(A), a trial court may not entertain an untimely petition for postconviction relief unless (1) the petitioner can show he was "unavoidably prevented" from discovering facts relied upon in the petition and the petitioner shows by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have convicted him or (2) DNA testing establishes the actual innocence of the petitioner by clear and convincing evidence.
 {¶ 19} Here, the trial court found that "all relevant transcripts in Sheet's direct appeal were filed on May 20, 2002, and transmitted to the Court of Appeals on the same day. Thus, under the 180-day limit of R.C.2953.21(A)(2), Sheets had until November 2002 to file a petition for post-conviction relief. His pending petition, filed August 27, 2003, is untimely by over nine months." (sic.) The trial court also found that Sheets failed to "articulate any grounds under R.C. 2953.23 supporting consideration of his untimely petition."
 {¶ 20} Because Sheets filed an untimely petition for postconviction relief and failed to articulate any grounds under R.C. 2953.23 for that failure, we cannot find that the trial court erred in dismissing the petition without a hearing. Accordingly, this assignment of error is overruled.
 III. {¶ 21} In his third assignment of error, Sheets claims, in part, that the trial court abused its discretion when it refused to appoint counsel for his petition for postconviction relief.
 {¶ 22} "An indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding. State v. Crowder (1991), 60 Ohio St.3d 151, 152, citingPennsylvania v. Finley (1987), 481 U.S. 551. Moreover, `appointed counsel is not required for the initial burden of preparing and presenting petitions for postconviction relief.' State v. Barnes (1982),7 Ohio App.3d 83, 86. A petitioner is, however, entitled to representation by a public defender at an evidentiary hearing regarding the postconviction petition if the public defender concludes that the issues raised by the petitioner have arguable merit. Id. at paragraph one of the syllabus." State v. Johnson, Cuyahoga App. No. 82632, 2003-Ohio-4954, ¶ 37.
 {¶ 23} The trial court properly denied Sheets' petition for postconviction relief without an evidentiary hearing because Sheets failed to timely file the petition. Without an evidentiary hearing, Sheets was not entitled to have counsel appointed for his petition. Id. at ¶ 38. Therefore, the trial court did not err in denying Sheets' motion requesting appointed counsel.
 IV. {¶ 24} For purposes of brevity, we combine Sheets' second and ninth assignments of error. In his second assignment of error, Sheets argues that the trial court erred when it denied his motion to amend his petition for postconviction relief. In his ninth assignment of error, Sheets asserts that the trial court erred when it denied his motion for an order to disclose the transcript of grand jury testimony.
 {¶ 25} Sheets filed both motions on October 24, 2003, over a month after he filed his notice of appeal from the trial court's denial of his petition for postconviction relief and motion requesting appointment of counsel. Because both assignments of error deal with issues raised in the trial court after Sheets filed his notice of appeal, they are not properly before this court. Accordingly, Sheets' second and ninth assignments of error are without merit.
 V. {¶ 26} In his third assignment of error, Sheets asserts nine separate bases for relief. In Part III of this opinion, we ruled on one of these bases. Here, we will address the eight remaining claims of error.
 {¶ 27} Sheets basically argues that: (1) Officer Mace lacked the authority to make the arrest; (2) the trial court abused its discretion by writing its own jury instructions and jury instruction forms so as to allow the jurors to first deliberate on the lesser included offense before deliberating on the higher level offense; and (3) his trial counsel was ineffective because she failed to (a) file a motion to suppress all evidence "flowing from the stop, under the exclusionary rule, and failing to argue that the officer `had no lawful cause to stop and detain, seize, arrest and transport [Sheets] back into his jurisdiction to charge [Sheets] for a violation of law,'" (b) file a motion to procure the Village of Glouster's policy for police pursuits, (c) file a motion to procure a transcript of the grand jury testimony and object that Sheets was not tried on the same "essential and [u]ltimate facts on which the grand jury found probable cause to indict," (d) argue that Sheets was not in violation of law because he was not speeding, and (e) enter an objection on the basis that Sheets was improperly served with the indictment only minutes before the arraignment and not properly informed of the basis of the charges.
 {¶ 28} Sheets raised each argument in his petition for postconviction relief. However, the trial court refused to consider the merits of Sheets' petition because he failed to file it in a timely manner. Sheets wants this Court to rule on the bases for his petition for postconviction relief despite the fact that the trial court did not consider the merits of the petition. However, because the trial court properly denied Sheets' petition without an evidentiary hearing, these issues are now moot. Moreover, even if the issues were not moot, we still could not address them without stepping outside of our role as a reviewing court. Accordingly, Sheet's third assignment of error is without merit.
 VI. {¶ 29} Finally, in his fourth through eighth assignments of error, Sheets argues that he received ineffective assistance of appellate counsel. We note that Sheets never raised any claims of ineffective assistance of appellate counsel in his petition for postconviction relief. Therefore, these issues are not properly before this court. Moreover, even if Sheets had raised these issues in his petition for postconviction relief, we would decline to review them for being moot because the trial court properly denied Sheets' petition.
 VII. {¶ 30} In conclusion, we find that the trial court properly denied Sheet's petition for postconviction relief on the basis of its untimely filing. Because the trial court properly denied the petition without an evidentiary hearing, Sheets was not entitled to have counsel appointed. We also find that Sheets cannot properly raise any assignments of error regarding his motions to amend his petition and disclose the transcript of the grand jury testimony because these motions were filed and denied after Sheets filed his notice of appeal. Furthermore, we find that Sheets' third assignment of error is moot because the trial court properly denied Sheet's petition without an evidentiary hearing. Finally, we conclude that Sheets' fourth through eighth assignments of error are not properly before this court because Sheets failed to raise these arguments before the trial court. Accordingly, we affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.