[Cite as *State v. Phelan*, 2019-Ohio-4546.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case Nos. 2019 CA 00030 |
| | : | 2019 CA 00031 |
| RICHARD T. PHELAN | : | 2019 CA 00032 |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 17-CR-00633

JUDGMENT:                    AFFIRMED IN PART; REVERSED AND
REMANDED IN PART

DATE OF JUDGMENT ENTRY:      October 31, 2019

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

BILL HAYES                             RICHARD T. PHELAN, Pro Se
LICKING COUNTY PROSECUTOR              Inmate # 742-303
                                       Chillicothe Correctional Institute
CLIFFORD J. MURPHY                     P.O. Box 5500
20 North Second St., 4th Floor         Chillicothe, OH 45601
Newark, OH 43055

*Delaney, J.*

{¶1}   Defendant-Appellant Richard T. Phelan appeals three judgment entries issued by the Licking County Court of Common Pleas on April 17, 2019. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On December 12, 2017, the Licking County Grand Jury returned a five-count superseding indictment against Defendant-Appellant Richard T. Phelan, charging him with: (1) Aggravated Vehicular Assault, a third-degree felony in violation of R.C. 2903.08(A)(1)(a); (2) Vehicular Assault, a fourth-degree felony in violation of R.C. 2903.08(A)(2)(b); (3) OMVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a)(G)(1)(a)(i); (4) OMVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(j)(x)(G)(1)(a)(i); and (5) Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(2).

{¶3}   The charges against Phelan were based on an incident that occurred on July 17, 2017. While Phelan was operating his 2013 Dodge Ram Pickup in Licking County, Ohio, he deliberately sped up and crashed into the rear of a 2010 Dodge Caliber operated by K.E. The force of the impact caused the Dodge Caliber to flip over. The truck went off the roadway into a ditch, which witnesses observed Phelan attempt to drive out of the ditch. As a result of the collision, the State alleged K.E. suffered serious physical harm in which she suffered bruising over her body; injuries to her right arm from broken glass; nerve damage to her right elbow preventing her from lifting heavy objects or turning her elbow; PTSD requiring counseling; and nerve damage to her right hip affecting her ability to remain stationary. As a result of her injuries, K.E. missed two weeks of work.

After the accident, Phelan advised the investigating police officers he had smoked PCP before driving his vehicle. His statement was recorded on one of the officer's body cameras. The officers took a statement from Phelan's passenger in which she stated that prior to accelerating the vehicle and hitting the Dodge Caliber, Phelan made a statement about being "Jesus" and both of them going to meet "God" now.

{¶4} Phelan entered a plea of not guilty to the charges. On September 6, 2017, Phelan filed a motion to enter a plea of not guilty by reason of insanity. Upon investigation, the trial court denied the motion on November 2, 2017.

{¶5} Phelan appeared for a change of plea hearing on February 23, 2018. The State agreed to dismiss Count Five, Felonious Assault and Phelan agreed to enter a plea of guilty to the remaining charges. The transcript of the change of plea and sentencing hearing was filed on June 7, 2018. The trial court conducted the plea colloquy and the court accepted Phelan's guilty pleas as being knowingly, voluntarily, and intelligently given. The trial court merged the four remaining counts for sentencing purposes and the State elected to sentence Phelan on Count One, Aggravated Vehicular Assault. The trial court sentenced Phelan to a mandatory term of three years in prison. The sentencing entry was filed on February 23, 2018.

{¶6} Phelan did not file a direct appeal of his sentence. Phelan attempted to file a delayed appeal, but this Court denied Phelan's motion. The last day for Phelan to file an appeal pursuant to App.R. 4(A) was March 25, 2018.

{¶7} On May 2, 2018, Phelan filed a motion to withdraw his guilty plea. In his motion, he argued he was told by his counsel that K.E. suffered serious injuries as a result of the incident. Phelan stated he did not learn until after his plea from his insurance

company that K.E. did not suffer any broken bones, only "bumps and bruises." He argued he would not have entered a guilty plea if he had been properly advised by his counsel of the nature of K.E.'s injuries.

{¶8}   The trial court denied Phelan's motion to withdraw his plea on June 20, 2018. Phelan filed a motion for reconsideration, which the trial court denied on July 10, 2018. Phelan filed appeals of the June 20, 2018 and July 10, 2018 judgment entries in *State v. Phelan*, 5th Dist. Licking Nos. 18-CA-57 & 18-CA-64, 2019-Ohio-861 ("*Phelan I*"). In *Phelan I*, we affirmed the trial court's decision to deny the motion to withdraw his guilty plea and motion for reconsideration. We found Phelan failed to establish his trial counsel was ineffective because the evidence established the victim suffered serious physical harm. *Id.* at ¶ 21.

{¶9}   On March 25, 2019, exactly 365 days after the expiration of the time to file an appeal, Phelan filed three motions: (1) Motion to Vacate or Set Aside Judgment; (2) Motion for Appointment of Counsel; and (3) Motion to Compel Compliance. In his motion to vacate or set aside the judgment, Phelan raised the issue of ineffective assistance of counsel and that the victim did not suffer serious physical harm.

{¶10} On April 17, 2019, the trial court ruled on Phelan's motions. It first denied Phelan's motion to vacate or set aside the verdict. The trial court stated in its judgment entry:

> The Court finds this to be an untimely filed petition for post-conviction relief,
>
> and the Court finding it to be untimely, the motion is DENIED.

(Judgment Entry, April 17, 2019). The trial court next denied the motion for appointment of counsel and the motion to compel discovery from the State.

{¶11} It is from these judgment entries Phelan now appeals.

**ASSIGNMENTS OF ERROR**

{¶12} Phelan raises three Assignments of Error:

{¶13} "I. THE LOWER COURT WAS ERRONEOUS AND ABUSED ITS DISCRETION IN DENYING APPELLANTS [SIC] TIMELY FILED 'PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE.'

{¶14} "II. THE LOWER COURT PREMATURELY DENIED APPELLANTS [SIC] 'MOTION FOR APPOINTMENT OF COUNSEL.'

{¶15} "III. THE LOWER COURT PREMATURELY DENIED APPELLANTS [SIC] 'MOTION TO COMPEL COMPLIANCE.' "

**ANALYSIS**

**I. Untimeliness**

{¶16} Phelan contends in his first Assignment of Error that the trial court erred when it found his motion to vacate or set aside the judgment was an untimely petition for postconviction relief. Phelan does not dispute the trial court's finding that his March 25, 2019 motion to vacate or set aside the judgment was a petition for postconviction relief. Upon a review of the dates in this case, we agree the trial court erred when it determined the petition was untimely filed.

{¶17} R.C. 2953.21(A)(2) provides guidelines for the timing of filing a petition for postconviction relief. The statute reads:

Except as otherwise provided in section 2953.23 of the Revised Code, a

petition under division (A)(1) of this section shall be filed no later than three

hundred sixty-five days after the date on which the trial transcript is filed in

the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶18} The trial court filed the sentencing entry on February 23, 2018. Phelan did not file a direct appeal of his conviction and sentence. Pursuant to App.R. 4(A), the last day for Phelan to file an appeal was March 25, 2018. 365 days from March 25, 2018 is March 25, 2019.

{¶19} In its responsive appellate brief, the State concedes Phelan's motion to vacate or set aside sentence, considered a petition for postconviction relief, was timely filed pursuant to R.C. 2953.21(A)(2). It argues, however, this Court should still affirm the trial court's denial of the petition for postconviction relief because Phelan failed to properly file the petition with the required attachments and supporting materials.

{¶20} A review of the trial court's April 17, 2019 judgment entry shows the trial court denied the petition for postconviction relief solely on the basis that the petition was untimely filed. It stated no other reason for denying the petition. Pursuant to R.C. 2923.51(A)(2), the trial court erred when it determined Phelan's March 25, 2019 petition was untimely. We hereby vacate the April 17, 2019 judgment entry as to the determination that the petition for postconviction relief was untimely and remand the matter to the trial court for further proceedings consistent with this Opinion and law.

{¶21} Phelan's first Assignment of Error is sustained.

## II. Appointment of Counsel

{¶22} Phelan contends in his second Assignment of Error that the trial court erred when it denied his motion to appoint counsel for his postconviction proceedings. The trial court denied the motion to appoint counsel because it found Phelan's petition for postconviction relief was untimely; therefore, there was no pending proceeding before the trial court requiring representation by counsel.

{¶23} "[A]n indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding." *State v. Vance*, 4th Dist. Jackson No. 17CA9, 2018-Ohio-4479, 2018 WL 5796229, ¶ 9 quoting *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652 (1982), citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Moreover, "appointed counsel is not required for the initial burden of preparing and presenting petitions for postconviction relief." *State v. Barnes*, 7 Ohio App.3d 83, 86, 454 N.E.2d 572 (1982).

{¶24} If a petitioner convicted of a criminal offense claims his or her constitutional rights were violated, that person may petition the court which imposed sentence to vacate or set aside the sentence or the judgment of conviction. The court may dismiss the petition without hearing if the petitioner fails to establish, through supporting affidavits, files, and records related to the proceedings which resulted in the petitioner's conviction, that there are substantive grounds for relief. *State v. Hines*, 6th Dist. Wood No. WD-12-069, 2013-Ohio-3954, 2013 WL 5211157, ¶ 6 citing *State v. Crowder*, 60 Ohio St.3d 151, 153.

{¶25} Pursuant to R.C. 2953.21, the petitioner has a statutory right to have a public defender review the case if the trial court sets the petition for an evidentiary hearing. *State v. Henry*, 2019-Ohio-1256, -- N.E.3d --, ¶ 14 (2nd Dist.). The public defender is only

required to evaluate the petitioner's claim to determine whether it has "arguable merit." If the public defender finds "arguable merit" in the petitioner's claim, the office may undertake representation. *Id.*, R.C. 120.16(A)(1),(D).

{¶26} If a court finds that a petitioner's allegations do not merit an evidentiary hearing, that petitioner is not entitled to the appointment of counsel. *State v. Slagle*, 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 22.

{¶27} In this case, we determined the trial court erred when it found Phelan's petition was untimely filed and dismissed it on that basis. The trial court then denied Phelan's motion to appoint counsel because the petition was dismissed. We therefore find the trial court prematurely denied Phelan's motion for appointment of counsel and vacate the April 17, 2019 judgment. Phelan is not entitled to counsel for the preparation or presentation of the petition of postconviction relief but Phelan may be entitled to counsel if the trial court determines Phelan's allegations merit an evidentiary hearing. The matter is remanded to the trial court for further consideration based on its determination of the petition for postconviction relief.

{¶28} Phelan' second Assignment of Error is sustained.

### III. Discovery

{¶29} In Phelan's third Assignment of Error, he argues the trial court erred when it denied his motion to compel discovery from the State. The trial court denied the motion because there was no pending proceeding for which Phelan was entitled to discovery and the State had already complied with Phelan's previous discovery request in pursuit of his appeal in *Phelan I*.

{¶30} The Ohio Supreme Court has held "there is no requirement of civil discovery in postconviction proceedings." *State v. Adams*, 7th Dist. Mahoning No. 18 MA 0116, 2019-Ohio-4090, 2019 WL 4894913, ¶ 64 quoting *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 1999-Ohio-314, 718 N.E.2d 426. Further, Phelan obtained discovery during the pursuit of his appeal in *Phelan I*.

{¶31} Phelan's third Assignment of Error is overruled.

**CONCLUSION**

{¶32} Accordingly, this Court rules on the April 17, 2019 judgment entries of the Licking County Court of Common Pleas as follows:

(1) The judgment entry denying the petition for postconviction relief as untimely filed is vacated and remanded to the trial court for proceedings consistent with this Opinion and law.

(2) The judgment entry denying the motion for appointment of counsel is vacated and remanded to the trial court for proceedings consistent with this Opinion and law.

(3) The judgment entry denying the motion for compliance is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.