OPINION
{¶ 1} Defendant-appellant William E. Smith appeals from the September 5, 2002, Judgment Entry of the Richland County Court of Common Pleas overruling his Petition for Post Conviction Relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 7, 1993, appellant was indicted by the Richland County Grand Jury on one count of felonious assault. After appellant entered a no contest plea on January 27, 1993, the trial court entered a finding of guilty and ordered a pre-sentence investigation. The State agreed to recommend that appellant be placed on probation. Appellant failed to appear for the pre — sentence investigation and the trial court sentenced him to a term of incarceration for an indefinite period of five to fifteen years on April 7, 1993.
 {¶ 3} On January 4, 1994, the trial court granted appellant's motion for shock probation and released him from prison. After appellant violated the terms and conditions of his shock probation, his original sentence was reimposed in July of 1994.
 {¶ 4} Subsequently, on February 14, 2002, appellant filed a "Petition to Vacate and Set Aside Further Execution of Sentence." Appellant, in his petition, alleged that his sentence "exceeds the maximum prison term allowed for the most serious of the underlying crime [sic] based on issues outside the trial records which due to newly discovered evidence demonstrates petitioner's conviction is in violation of his rights to be free from cruel and unusual punishment and due process also equal protection " Appellant specifically argued that both the State and appellant's trial counsel failed to disclose exculpatory and impeachment evidence and that such evidence would show that "the mitigating circumstances of this case included serious provocation occaisioned [sic] by the victim." Appellant further alleged that trial counsel was ineffective in failing to challenge "the charging offense" in light of the impeachment evidence presented by the victim at the Municipal Court preliminary hearing, in failing to allow appellant to be sentenced without the benefit of a presentence investigation report, and in failing to investigate. Appellant further asserted that his conviction for felonious assault was in error since the victim's injury "did not rise to a level of serious bodily injury." On the same date, appellant also filed a motion seeking copies of the Prosecutor's and trial counsel's files for an in-camera inspection.
 {¶ 5} On March 15, 2002, appellant filed a motion requesting the appointment of counsel to assist him and an amended/supplemental petition.
 {¶ 6} Thereafter, after appellant, on May 6, 2002, filed a Motion for Summary Judgment, the trial court issued a scheduling order granting the Richland County Prosecuting Attorney until July 5, 2002, to respond "by answer or by motion." The trial court, in its order, stated that it was treating appellant's petition as a petition for post-conviction relief. In its response, which was filed on July 3, 2002, the Richland County Prosecuting Attorney argued that appellant's petition was untimely filed and that, therefore, the same should be summarily denied.
 {¶ 7} As memorialized in a Judgment Entry filed on September 5, 2002, the trial court overruled appellant's petition, holding that it was not timely filed and that, even if the same had been timely filed, "the issues raised by the petitioner could have been raised on any of his five appeals and are therefore res judicata." The trial court also overruled appellant's motion for the appointment of counsel since appellant had failed to allege substantive grounds for relief and held that, based upon its ruling, appellant's motion seeking copies of the Prosecutor's and trial counsel's files was moot.
 {¶ 8} It is from the trial court's September 5, 2002 Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING IN-CAMERA INSPECTION OF DEFENSE ATTORNEY AND PROSECUTOR"S [SIC] FILES WHEN THE BASIS FOR POST-CONVICTION RELIEF AND REASON FOR AN EVIDENTIARY HEARING PURSUANT TO R.C. 2953.21(E) IS HIDDEN WITHIN THESE FILES AS CLAIMED EVIDENCE.
 {¶ 10} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING OR FAILING TO ENTER JUDGMENTS TO PETITIONER'S CIVIL RULE 56(C) MOTION IN ACCORDANCE WITH ARTICLE 4 OF THE OHIO CONSTITUTION.
 {¶ 11} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PETITION FOR POST-CONVICTION RELIEF ON BASIS OF RES JUDICATA WITHOUT STATING WHICH CLAIMS WERE BARRED IN LIGHT OF PETITIONER'S CLAIMS WHICH FALL OUTSIDE THE SCOPE OF THE RECORD.
 {¶ 12} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO APPOINT PETITIONER COUNSEL WHEN PETITIONER'S CLAIMS WERE BASED ON EVIDENCE IN POSSESSION OF THE STATE AND THE DISCLOSURE OF THIS EVIDNECE TO THE PETITIONER IS PROHIBITED UNDER OHIO LAW.
 {¶ 13} "V. THE INADEQUATE REPRESENTATION THAT PETITIONER RECEIVED DURING THE COURSE OF CRIMINAL PROCEEDINGS IN CASE NUMBER 92 C.R. 626 D FELL BELOW AN OBJECTIVE REASONABLE STANDARD, THUS VIOLATING HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 14} "VI. THE EVIDENTIARY DOCUMENTS CLAIMED TO EXIST IN THE PROSECUTOR'S FILE IN APPELLANT'S POST-CONVICTION PETITION CONTAIN SUFFICIENT OPERATIVE FACTS WHICH WOULD ESTABLISH A SUBSTANTIVE GROUND FOR RELIEF, AND FAILURE TO DISCLOSE THOSE FACTS CONSTITUTE MISCONDUCT."
 I-VI {¶ 15} Appellant, in his six assignments of error, challenges the trial court's denial of his petition for post-conviction relief and the trial court's denial of his motion for appointed counsel, for copies of the Prosecutor's and trial counsel's files, and for summary judgment.
 {¶ 16} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 17} The record indicates appellant did not file a direct appeal in this matter with a transcript. Therefore, under R.C. 2953.21(A)(2), appellant was required to file his petition " * * * no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 18} Appellant was convicted in 1993. However, appellant did not file his petition for post-conviction relief until February 14, 2002, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:
 {¶ 19} * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 20} "(1) Either of the following applies:
 {¶ 21} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 22} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 23} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. " * * * "
 {¶ 24} Appellant has not satisfied the R.C. 2953.23(A)(1)(a) requirement that he was unavoidably prevented from discovery of the facts upon which he relied to present his claim for post-conviction relief. We find no justifiable reason to explain the over eight year delay in filing the petition for post-conviction relief. As noted by the trial court in its entry, "the petitioner failed to argue that he should have been allowed to file a delayed petition because he was unavoidably prevented from the discovery of facts upon which he must rely in the petition." Since appellant's petition was untimely filed, the trial court did not error in overruling the same.
 {¶ 25} While appellant contends that the trial court erred in denying his motion for summary judgment based on appellee's belated response to appellee's petition, we concur with appellee that such denial "was based upon facts in the record which were independent irrespective of" such belated response. In short, the trial court properly denied appellant's petition on the ground of untimeliness.
 {¶ 26} Furthermore, we find that most of the issues raised by appellant could have been raised on any of his five appeals and are therefore res judicata. The doctrine of res judicata bars a convicted defendant from raising any defense or lack of due process which had been raised or could have been raised at trial, or on direct appeal from the judgment of conviction. State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. Clearly, appellant could have raised the issues relating to the victim's alleged lack of a serious injury, the victim's alleged perjured testimony at the preliminary hearing, and the length of appellant's sentence in one of his previous appeals to this Court.
 {¶ 27} Finally, we note that an indigent petitioner, such as appellant, has neither a state nor a federal constitutional right to be represented by an attorney in a post-conviction proceeding. State v.Crowder (1991), 60 Ohio St.3d 151, 152, 573 N.E.2d 652. In Crowder, supra, the Ohio State Supreme Court determined that R.C. 120.16(A)(1) and (D) require the appointment of counsel if two conditions are met. First, the trial court must determine whether the petitioner's allegations warrant an evidentiary hearing. Crowder, supra. Second, the public defender must assess whether petitioner's allegations have arguable merit. Crowder, supra, at paragraphs one and two of the syllabus.
 {¶ 28} Because appellant's petition was untimely filed, the trial court properly dismissed appellant's petition without an evidentiary hearing. Thus, there was no requirement that counsel be appointed for appellant. The trial court, therefore, properly denied appellant's request for appointed counsel.
 {¶ 29} Based on the foregoing, appellant's six assignments of error are, therefore, overruled.
 {¶ 30} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
By: Edwards, J. Gwin, P.J. and Farmer, J. concur.