[Cite as *State v. Slagle*, 2011-Ohio-1463.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos. 10CA4 & 10CA5 |
| | : | |
| vs. | : | **Released: March 11, 2011** |
| | : | |
| JOHN W. SLAGLE, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES:</u>

Timothy Young, Ohio State Public Defender, and Katherine A. Szudy, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

James B. Grandey, Highland County Prosecutor, and Anneka P. Collins, Highland County Assistant Prosecutor, Hillsboro, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant, John Slagle, appeals his cumulative prison sentences issued in Highland County Case Nos. 09CR047 and 0CR086, which, in part were ordered to be served consecutively to each other, and consecutive to a separate four year sentence imposed by a Montgomery County court,[1] for a total of ten years. On appeal, Appellant contends that 1) the trial court

---

[1] The record on appeal contains a termination entry dated March 15, 2010, issued by the Montgomery County Court of Common Pleas, Criminal Division in Case No. 2004 CR 00526, stating that Appellant was found guilty after a bench trial of two counts of aggravated theft in violation of R.C. 2913.02(A)(3), third degree felonies. The entry further specified that Appellant was sentenced to a four year prison term on each count, to be served concurrently, and was ordered to pay restitution in an amount of $521,000.00 to the victim, Pickrel, Schaeffer and Ebeling Co., L.P.A.

abused its discretion when it sentenced him to a cumulative prison term of 11.5 years;[2] and 2) the trial court abused its discretion when it imposed fines in counts one and two in Highland County Case No. 09CR047.

{¶2} We disagree, and instead find that Appellant's sentences were not clearly and convincingly contrary to law, and that the trial court did not abuse its discretion in imposing some maximum and consecutive sentences. As such, Appellant's first assignment of error is overruled. Further, we conclude that the trial court did not abuse its discretion in imposing the fines challenged by Appellant. Accordingly, Appellant's second assignment of error is overruled and the judgment sentences imposed by the trial court are affirmed.

FACTS

{¶3} On March 19, 2010, the Highland County Court of Common Pleas sentenced Appellant to a total of six years in prison after a jury found him guilty of five felony theft offenses and one count of misdemeanor falsification. Appellant's convictions were based upon his theft of monies held in trust for various different clients, by virtue of his position as their attorney.

---

[2] We note that Appellant has miscalculated his total prison sentence, which is ten years, rather than eleven and a half years.

{¶4} Specifically, Appellant was convicted and sentenced as follows in Highland County Case No. 09CR047:

Count 1:     Aggravated Theft/third degree felony in violation of R.C. 2913.02(A)(1)/sentenced to three years in prison and ten thousand dollar fine/to be served consecutively to count two herein and consecutively to the four year sentence imposed by the Montgomery County Court of Common Pleas

Count 2:     Grand Theft /fourth degree felony in violation of R.C. 2913.02(A)(1)/sentenced to one year in prison and five thousand dollar fine/to be served consecutively to count one herein and to the four year sentence imposed by the Montgomery County Court of Common Pleas

Count 3:     Grant Theft/fourth degree felony in violation of R.C. 2913.02(A)(1)/sentenced to one and a half years in prison, a five thousand dollar fine and $82,241.78 in restitution/to be served concurrently

Count 5:     Falsification/first degree misdemeanor in violation of R.C. 2921.13(A)(10)/sentenced to six months in jail/to be served concurrently

{¶5} Further, Appellant was convicted and sentenced as follows in Highland County Case No. 09CR086:

Count 2:     Grant Theft/fourth degree felony in violation of R.C. 2913.02(A)(1)/sentenced to one and a half years in prison, a five thousand dollar fine and $73,576.00 in restitution/to be served concurrently with count three herein and consecutively with Case No. 09CR047 and the Montgomery County Sentence

Count 3:     Theft from an Elderly Person/third degree felony in violation of R.C. 2913(A)(1)/sentenced to two years in prison, a ten thousand dollar fine, and $18,546.00 in restitution/to be served concurrently with count two herein and consecutively with Case No. 09CR047 and the Montgomery County sentence.

{¶6} Thus, Appellant was sentenced to a total of six years by the Highland County Court of Common Pleas, to be served consecutively to a four year prison term previously imposed in Montgomery County, for a total of ten years. It is from these sentences which Appellant now brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. SLAGLE TO A CUMULATIVE PRISON TERM OF 11.5 YEARS.

II.     THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED FINES IN COUNTS ONE AND TWO IN HIGHLAND COUNTY CASE NUMBER 09CR047."

ASSIGNMENT OF ERROR I

{¶7} In his first assignment of error, Appellant contends that the trial court abused its discretion when it sentenced him to "cumulative prison terms of 11.5 years." Appellant claims that in light of his age and diminishing health the sentence essentially amounts to a life sentence. Appellant also claims that he was entitled to a lesser sentence because he had no prior criminal record,[3] and because "he tried to express remorse for his actions, but was not sure how much he could say, given the fact that he knew an appeal was going to be pending." The State properly responds by

---

[3] We reject Appellant's argument that he should have been given a shorter sentence because he was a first time offender in light of the fact that Appellant had been convicted of two felony theft counts in Montgomery County when he was sentenced in Highland County.

noting that Appellant's cumulative sentence was ten years, and contends that as trial court's have discretion to sentence within the statutory framework, Appellant's assignment of error should be denied.

{¶8} "Appellate courts 'apply a two-step approach [to review a sentence]. First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.' " *State v. Smith*, Pickaway App. No. 08CA6, 2009-Ohio-716 at ¶ 8, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 at ¶ 4. See also *State v. Voycik*, Washington App. Nos. 08CA33 and 08CA34, 2009-Ohio-3669 at ¶ 8.

{¶9} Here, we find that Appellant's total combined prison sentence is not clearly and convincingly contrary to law. In analyzing whether Appellant's sentence is contrary to law, "[t]he only specific guideline is that the sentence must be within the statutory range * * *." *State v. Welch*, Washington App. No. 08CA29, 2009-Ohio-2655 at ¶ 7, quoting *State v. Ross*, Adams App. No. 08CA872, 2009-Ohio-877 at ¶ 10. See also *Voycik* at ¶ 9.

{¶10} In Highland County Case No. 09CR047, Appellant was convicted of three felony theft offenses and one misdemeanor falsification count. Specifically, Appellant was convicted of aggravated theft in violation of R.C. 2913.02(A)(1), which is a third degree felony, and was sentenced to a three year prison term. R.C. 2929.14(A)(3) provides that "[f]or a felony of the third degree, the prison term shall be one, two, three, four or five years." Thus, Appellant's three year prison term falls within the statutory range. Appellant was also convicted of two counts of grand theft in violation of R.C. 2913.02(A)(1), both of which are fourth degree felonies. Appellant received twelve months on one of the counts and eighteen months on the other count. R.C. 2929.14(A)(4) provides that "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Thus, Appellant's twelve and eighteen month prison terms fall within the statutory range. Appellant was also convicted of falsification, a first degree misdemeanor in violation of R.C. 2921.13(A)(10) and was sentenced to six months. R.C. 2929.24(A)(1) provides that the trial court may impose a jail term "[f]or a misdemeanor of the first degree, not more than one hundred eighty days[.]" Thus, although a maximum sentence, Appellant's six month sentence was within the statutory range.

{¶11} In Highland County Case No. 09CR047, the trial court ordered that the three year and one year sentences on the theft offenses be served consecutively to each other, and that the other two sentences were to run concurrently, for a total of four years.  The court further ordered that the four year sentence was to run consecutively to the four year Montgomery County sentence.  This result is not clearly and convincingly contrary to law.

{¶12} Next, in Highland County Case No. 09CR086, Appellant was convicted of two additional felony theft offenses.  Specifically, Appellant was convicted of grand theft, a fourth degree felony in violation of R.C. 2913.02(A)(1), and was sentenced to an eighteen month prison term.  As set forth above, an eighteen month prison term is within the statutory range per R.C. 2929.14(A)(4).  Appellant was also convicted of theft from an elderly person, a third degree felony in violation of R.C. 2913.02(A)(1) and was sentenced to a two year prison term.  Again, a two year prison term is within the statutory range per R.C. 2929.14(A)(3).

{¶13} Further, in Highland County Case No. 09CR087, while the trial court ordered the two sentences be concurrent to each other, it ordered  that they be served consecutively to the sentences in Case No. 09CR047, and also consecutive to the Montgomery County sentence, for a sum total of ten years.  Again, this result is not clearly and convincingly contrary to law.

Thus, based on the foregoing, Appellant's total combined sentence of 10 years is within the statutory range for his various crimes and is not clearly and convincingly contrary to law.

{¶14} Additionally, courts must consider the general guidance factors set forth in R.C. 2929.11 and 2929.12. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 42; *Kalish* at ¶ 13. The trial court's sentencing entries stated that (1) "[a]fter weighing the seriousness and recidivism factors, prison is consistent with the purposes and principles of Section 2929.11 ORC" and (2) the court had "considered the record, oral statements, any victim impact statements, and the pre-sentence report, as well as all factors required by Section 2929.12 ORC." Therefore, we find that the trial court complied with all applicable rules and statutes in sentencing Appellant. Thus, we find that Appellant's sentence is not clearly and convincingly contrary to law.

{¶15} Next, we address the second prong of the two-step approach. That is, whether the trial court abused its discretion in imposing Appellant's sentence. As we have already noted, the term "abuse of discretion" implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. "In the sentencing context, we review the trial court's selection of the

sentence within the permissible statutory range." *Smith* at ¶ 17, quoting

*Kalish* at ¶ 17.

{¶16} Sentencing courts "have full discretion to impose a prison

sentence within the statutory range and are [not] required to make findings

or give their reasons for imposing maximum, consecutive, or more than the

minimum sentences." *Foster* at paragraph seven of the syllabus; see also

*Kalish* at ¶ 11. As mentioned above, however, courts must still consider the

general guidance factors set forth in R.C. 2929.11 and 2929.12.

Additionally, trial courts "may consider any other factors that are relevant to

achieving the purposes and principles of sentencing." *State v. Whitt*, Clark

App. No. 2010CA3, 2010-Ohio-5291 at ¶ 50; relying on R.C. 2929.12.

{¶17} Based upon our review of the record, we cannot find an abuse

of discretion related to Appellant's individual sentences or cumulative

sentence. Here, though not required to do so, the trial court explained its

reasons for imposing, with respect to some of the counts, maximum and

consecutive prison sentences. At the sentencing hearing, the trial court

expressed its frustration with Appellant's lack of explanation or remorse for

his actions as follows:

"THE COURT:     Six years this has been going on, and I haven't heard an
'I'm sorry.' I haven't even heard an 'I'm sorry to my wife and family.'
Which is not going to hurt you. I haven't heard anything other than 'I don't
want the day of reckoning to happen.['] * * * So again, I'm going to give

you an opportunity to tell me why? You don't have to. But, if you want to tell me why, I'll take that into consideration, other than you're a greedy individual who stole hundreds and hundreds of thousands of dollars from your lawfirm and your trusted clients, for your own benefit for the condo in Hilton Head or whatever else you did with the money."

{¶18} Then, the trial court further stated as follows prior to imposing

the sentences:

"THE COURT:     I'll just preface by just making a few comments, because even though it's not necessary under today's law, I think it's very appropriate to advise all the people involved and also, uh, you know the people who are listening, not only the people who aren't here, why I'm doing what I'm doing, but obviously I'm aware of the offenses in Montgomery County and the pre-sentence investigation sets a little bit of that information; I have no further information other than what's in the pre-sentence investigation. But that's a serious matter; these are serious matters. There isn't anything more serious of a non-violent nature, uh, than having an attorney steal from trusted clients, uh, who are in some cases too old and other cases too infirm to even know what's going on. You held a public trust, and you held a private trust for many years, and you violated that trust or used that trust to facilitate the offenses. As I've said, I've heard nothing to explain to me why this illegal conduct took place for such a long period of time; nor have I heard any remorse whatsoever with respect to this."

{¶19} After imposing Appellant's prison terms, the trial court found

that

"the shortest prison term would demean the seriousness of your conduct, and would not adequately protect the public from future crime, and consecutive sentences have been imposed because of the innocent trusting victims, and your profession which you swore to uphold the harm to those two are so great and unusual that a single prison term would not be sufficient to reflect the seriousness of your conduct."

{¶20} In light of these findings, we cannot conclude that the trial court

abused its discretion by sentencing Appellant to consecutive prison terms of

six years, to be served consecutively to a four year Montgomery County sentence, for a total of ten years.

{¶21} Furthermore, we cannot find an abuse of discretion in Appellant's total combined sentence. Taking into consideration the Montgomery County sentence, Appellant received a total of ten years in prison for seven different felony theft offenses and one misdemeanor count of falsification. The Highland County theft offenses alone involved four different clients. We cannot find an abuse of discretion under these circumstances.

{¶22} Accordingly, we overrule Appellant's first assignment of error.

ASSIGNMENT OF ERROR II

{¶23} In his second assignment of error, Appellant contends that the trial court abused its discretion when it imposed a ten thousand dollar fine in count one and a five thousand dollar fine in count two in Highland County Case No. 09CR047. Appellant argues that because he had made full restitution to the victim of these counts prior to trial, imposing a fine was unreasonable. He cites no statutory or case law in support of his contentions. For the following reasons, we reject Appellant's assertions.

{¶24} As properly noted by the State, R.C. 2929.18(A)(3)(c) and (d) provide that a fine may be imposed for a third degree felony of not more

than ten thousand dollars, and for a fourth degree felony of not more than five thousand dollars. Additionally, R.C. 2929.18 governs financial sanctions, including restitution and fines, and provides in (A) that "the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction *or combination of financial sanctions* authorized under this section * * * ." (Emphasis added).

{¶25} Here, the trial court made a specific finding at the sentencing hearing with regard to its decision to impose fines. The trial court stated as follows:

"For purposes of the record, the Court feels a fine is appropriate in addition to [sic] prison term, because of the nature of the offense and the violation of the trust." Thus, based upon the provisions of R.C. 2929.18(A)(3)(c) and (d), which clearly permit the imposition of fines in the amounts imposed, as well as the reasoning on the record by the trial court, we cannot conclude that the trial court abused its discretion in imposing the fines challenged by Appellant. Accordingly, Appellant's second assignment of error is overruled.

{¶26} Having overruled both of Appellant's assignments of error, the decision and sentence of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**