[Cite as *State v. Slagle*, 2012-Ohio-1936.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                     :
                                   :
    Plaintiff-Appellee,            : Case No. 11CA22
                                   :
    vs.                            : **Released: April 27, 2012**
                                   :
JOHN W. SLAGLE,                    : <u>DECISION AND JUDGMENT</u>
                                   : <u>ENTRY</u>
    Defendant-Appellant.           :
_____

<u>APPEARANCES:</u>

John W. Slagle, Nelsonville, Ohio, Appellant, pro se.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a Highland County Court of Common Pleas decision and entry denying Appellant's motion for postconviction relief without an evidentiary hearing. On appeal, Appellant contends that 1) the lower court erred when it found that it was unnecessary to appoint an attorney for Appellant following a proper request, for good and sufficient reasons; 2) the lower court erred when it violated R.C. 2953.21, claiming that it requires hearings on postconviction relief motions to be scheduled

promptly and that the trial court failed to so in Appellant's case; and 3) the lower court erred when it failed to comply with R.C. 2929.11(B).

{¶2} In light of our conclusion that Appellant's petition did not warrant an evidentiary hearing and that, as such, Appellant was not entitled to appointment of counsel, we overrule Appellant's first and second assignments of error. Further, as the argument raised under Appellant's third assignment of error was also raised in the direct appeal of this matter and rejected by this court, Appellant's third assignment of error is overruled on the basis of res judicata. Accordingly, the trial court's denial of Appellant's petition for postconviction relief is affirmed.

FACTS

{¶3} We previously stated the facts of this case in *State v. Slagle*, 4th Dist. No. 10CA4 and 10CA5, 2011-Ohio-1463:

{¶4} On March 19, 2010, the Highland County Court of Common Pleas sentenced Appellant to a total of six years in prison after a jury found him guilty of five felony theft offenses and one count of misdemeanor falsification. Appellant's convictions were based upon his theft of monies held in trust for various different clients, by virtue of his position as their attorney.

{¶5} Specifically, Appellant was convicted and sentenced as follows in Highland County Case No. 09CR047:

Count 1: Aggravated Theft/third degree felony in violation of R.C. 2913.02(A)(1)/sentenced to three years in prison and ten thousand dollar fine/to be served consecutively to count two herein and consecutively to the four year sentence imposed by the Montgomery County Court of Common Pleas

Count 2: Grand Theft /fourth degree felony in violation of R.C. 2913.02(A)(1)/sentenced to one year in prison and five thousand dollar fine/to be served consecutively to count one herein and to the four year sentence imposed by the Montgomery County Court of Common Pleas

Count 3: Grant Theft/fourth degree felony in violation of R.C. 2913.02(A)(1)/sentenced to one and a half years in prison, a five thousand dollar fine and $82,241.78 in restitution/to be served concurrently

Count 5: Falsification/first degree misdemeanor in violation of R.C. 2921.13(A)(10)/sentenced to six months in jail/to be served concurrently

{¶6} Further, Appellant was convicted and sentenced as follows in Highland County Case No. 09CR086:

Count 2: Grant Theft/fourth degree felony in violation of R.C. 2913.02(A)(1)/sentenced to one and a half years in prison, a five thousand dollar fine and $73,576.00 in restitution/to be served concurrently with count three herein and consecutively with Case No. 09CR047 and the Montgomery County Sentence

Count 3: Theft from an Elderly Person/third degree felony in violation of R.C. 2913(A)(1)/sentenced to two years in prison, a ten thousand dollar fine, and $18,546.00 in restitution/to be served concurrently with count two herein and consecutively with Case No. 09CR047 and the Montgomery County sentence.

{¶7} Thus, Appellant was sentenced to a total of six years by the Highland County Court of Common Pleas, to be served consecutively to a four year prison term previously imposed in Montgomery County, for a total of ten years. *State v. Slagle*, ¶ 3-6. We affirmed Appellant's sentences on appeal. Id., ¶ 26. Subsequently, Appellant filed an application to reopen his appeal on May 12, 2011. In his application, Appellant contended, among other things, that his appellate counsel was ineffective for failing to assign as error on appeal

the argument that the statute of limitations as to count one in his indictment had expired. In support of his argument, he attached several documents purporting to be investigative notes from Montgomery County from 2002. This Court, however, rejected Appellant's argument, based in part on the fact that these documents were not part of the record on appeal and were not properly before us.

{¶8} During the time that his direct appeal was pending, Appellant filed a petition for postconviction relief in the trial court on January 18, 2011. In his petition, Appellant alleged that the statute of limitations as to at least one count had expired. Appellant additionally filed motions for the appointment of counsel and for expert assistance in the form of an investigator and a psychiatrist. Although Appellant's original petition failed to include an affidavit or any evidence supporting his claim, Appellant subsequently filed an affidavit, and two supplemental memorandums in support of his petition, on May 2, 2011, and May 23, 2011, respectively. Attached to his first supplemental memorandum was a copy of the same documents attached to his application for reopening.

{¶9} The trial court held a hearing on Appellant's petition on July 7, 2011. During the hearing, the trial court explained to Appellant that an evidentiary hearing would only be held if it was determined that there were

substantive grounds to support the petition. The trial judge further explained that hearings were not normally held during the first stage of the proceedings, but that he liked to give petitioners an opportunity to be heard with respect to their petitions. After holding a preliminary oral hearing, the trial court issued findings of fact and conclusions of law denying Appellant's petition on July 11, 2011. It is from this denial of his petition for postconviction relief that Appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.    THE LOWER COURT ERRED WHEN IT FOUND THAT IT WAS UNECESSARY TO APPOINT AN ATTORNEY FOR APPELLANT FOLLOWING A PROPER REQUEST FOR SAME BY APPELLANT, FOR GOOD AND SUFFICIENT REASONS.

II.    THE LOWER COURT ERRED WHEN IT VIOLATED SECTION 2953.21 OF THE OHIO REVISED CODE WHICH REQUIRES THAT HEARINGS ON A POST-CONVICTION RELIEF MOTION BE SCHEDULED PROMPTLY, BY FAILING TO DO SO IN APPELLANT'S CASE.

III.    THE LOWER COURT ERRED WHEN IT FAILED TO COMPLY WITH SECTION 2929.11(B) OF THE OHIO REVISED CODE."

## ASSIGNMENTS OF ERROR I AND II

{¶10} For ease of analysis, we address Appellant's first and second assignments of error in conjunction with one another. Appellant contends

that the trial court erred by not holding a prompt hearing on his petition for postconviction relief, and in failing to appoint counsel.

{¶11} Although the trial court did afford Appellant an oral hearing on his petition for postconviction relief, the trial court dismissed Appellant's petition for postconviction relief without holding an evidentiary hearing. As such, we will review Appellant's appeal under an abuse-of-discretion standard. *State v. Lewis*, 4th Dist. No. 10CA3181, 2011-Ohio-5224, ¶ 8, citing, *State v. Hicks*, 4th Dist. No. 09CA15, 2010-Ohio-89, ¶ 10 (stating that "abuse of discretion is the most prevalent standard for reviewing the dismissal of a petition for postconviction relief without a hearing"). An abuse of discretion is more than an error of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1983.

{¶12} R.C. 2953.21 governs postconviction relief and "provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the Constitutions of the United States or Ohio." *State v. Bradford*, 4th Dist. No. 08CA3053, 2009-Ohio-1864, ¶ 7, citing *State v. Hatton*, 4th Dist. No. 00CA10, 2000 WL 1152236 (Aug. 4, 2000). In order to prevail on a postconviction relief petition, the petitioner must establish that he has suffered an infringement or deprivation of his constitutional rights.

See R.C. 2953.21(A)(1); *State v. Calhoun*, 86 Ohio St.3d 279, 283, 714 N.E.2d 905 (1999).

{¶13} A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. See *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982); *State ex rel. Jackson v. McMonagle*, 67 Ohio St.3d 450, 451, 619 N.E.2d 1017 (1993). "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C).

{¶14} Thus, R.C. 2953.21(C) imposes a duty on the trial court to ensure that the petitioner adduces sufficient evidence to warrant a hearing. *State v. Cole* at 113; *State v. Weddington*, 4th Dist. No. 10CA19, 2011-Ohio-1017, ¶ 9. Further, "[t]he court may dismiss a petition for post-conviction relief without a hearing when the petitioner fails to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive

grounds for relief." *State v. Bradford* at ¶ 10, citing *State v. Jackson*, 64

Ohio St.2d 107, 111, 413 N.E.2d 819 (1980); See also *State v. Hicks*, 4th

Dist. No. 09CA15, 2010-Ohio-89, ¶14.

{¶15} Here, because the evidence Appellant offered to support his

claim was not in the trial record, on the surface it appears that a petition for

postconviction relief was the proper vehicle for its consideration. *State v.*

*Stedman*, 8th Dist. No. 83531, 2004-Ohio-3298, ¶ 23. However, as discussed

by the Twelfth District in *State v. Lawson*:

{¶16} The presentation of competent, relevant, and

material evidence dehors the record may defeat the application

of res judicata. See *State v. Smith* (1985), 17 Ohio St.3d 98,

101, 17 OBR 219, 221, 477 N.E.2d 1128, 1131-1132, fn. 1.

However, a petition for postconviction relief is not the proper

vehicle to raise issues that were or could have been determined

on direct appeal. *State v. Perry*, supra, 10 Ohio St.2d at 182, 39

O.O.2d at 193, 226 N.E.2d at 109. "[E]vidence presented

outside the record must meet some threshold standard of

cogency; otherwise it would be too easy to defeat the holding of

*Perry* by simply attaching as exhibits evidence which is only

marginally significant and does not advance the petitioner's

claim beyond mere hypothesis and a desire for further discovery." *Coleman*, supra, Hamilton App. No. C-900811, at 7. To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record. [*Ohio v. Franklin*, 1st Dist. No. C-930760, 1995 WL 26281 (Jan. 25, 1995), *7.] *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist. 1995); See, also, *State v. Hicks*, supra, ¶ 15.

{¶17} After considering the evidence at issue in *Lawson,* the court was "unconvinced" that the issues raised in the petition for postconviction relief could not have been determined without resort to evidence "dehors" the record. *Lawson* at 315; citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, ( 1982), syllabus. In reaching this conclusion, the court reasoned that the information contained in Lawson's exhibits did not contain new evidence that was unavailable in the original record. *Lawson* at 315; See also *State v. Stedman*, 8th Dist. No. 83531, 2004-Ohio-3298, ¶ 27 (reasoning that the evidence at issue, a police statement, was not sufficient to demonstrate defense counsel's ineffectiveness as it was clearly not new evidence and was available at the time of trial.). Further, in support of its

decision, the *Lawson* court characterized the affidavits at issue as "repackaged information already available in the record." Id. at 315.

{¶18} In support of his petition, Appellant primarily relied upon a four-page document, dated December 17, 2002, which purported to be investigative notes from the Montgomery County Prosecutor's Office, Fraud and Economic Crimes Division. A review of these notes reveals that an investigator named Nelson Grover interviewed an attorney by the name of Susan Davis regarding various different legal matters in which she collaborated with Appellant. Specifically, it appears that attorney Davis provided various different facts and figures regarding checks drawn on her trust account, payable to Appellant. One of the four pages is completely illegible, and the only reference to count one is a notation that attorney Davis provided the investigator with copies of the following related to the Cundiff matter: 1) "Statement of Clarification of Settlement and Deposit of Funds (Jessee E. Cundiff), filed in Highland County Probate Court, 3/27/01[;]" and 2) "Report of Distribution and Entry of Minor's Claim (Jessee E. Cundiff), filed in Highland County Probate Court, 3/27/01[.]"

{¶19} These investigative notes reveal no wrongdoing on the part of Slagle in and of themselves, but rather simply indicate that an investigation did occur with regard to several client files, one of which related to Jessica

Cundiff, victim of count one in the later filed Highland County indictment. The trial court, after reviewing the record and affording Appellant an oral hearing that was not even required, determined that the petition, affidavit and record did not present any substantive grounds for relief. The trial court also suggested that the doctrine of res judicata may be applicable, as a full evidentiary hearing was held prior to trial on Appellant's motion to dismiss based upon the statute of limitation defense, which issue was not raised on direct appeal. Additionally, although not a basis for the trial court's decision, we further note that these investigative notes dated in December of 2002 were clearly available at the time of Appellant's trial and thus do not constitute new evidence.

{¶20} As such, and in light of the foregoing, we cannot conclude that the trial court abused its discretion by dismissing Appellant's petition for postconviction relief without an evidentiary hearing. Thus, Appellant's second assignment of error is overruled.

{¶21} Our analysis, however, does not end here. As set forth above, Appellant further contends that the trial court erred in failing to appoint counsel. "[A]n indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding." *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652

(1982), citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); See also *State v. Hicks*, supra, ¶ 24. Additionally, "appointed counsel is not required for the initial burden of preparing and presenting petitions for post-conviction relief." Id., citing *State v. Barnes*, 7 Ohio App.3d 83, 86, 454 N.E.2d 572 (3rd Dist. 1982); See, also, *State v. Sheets*, 4th Dist. No. 03CA24, 2005-Ohio-803, ¶ 22; *State v. Johnson*, 8th Dist. No. 82632, 2003-Ohio-4954, ¶ 37. However, a petitioner is entitled to " 'the appointment of counsel if two conditions are met. First, the trial court must determine whether the petitioner's allegations warrant an evidentiary hearing. * * * Second, the public defender must assess whether [the] petitioner's allegations have arguable merit.' " *State v. Hicks* at ¶ 24, quoting *State v. Smith*, Richland App. No. 02CA67, 2003-Ohio-5592, at ¶ 27, citing *Crowder* at paragraphs one and two of the syllabus. See, also, R.C. 120.16(A)(1) and (D).

{¶22} In light of our finding that the trial court did not abuse its discretion in dismissing Appellant's petition without an evidentiary hearing, Appellant was not entitled to the appointment of counsel. *State v. Hicks*, supra, ¶ 25. Thus, Appellant's first assignment of error is also overruled.

ASSIGNMENT OF ERROR III

{¶23} In his third assignment of error, Appellant contends that the lower court erred when it failed to comply with R.C. 2929.11(B), which essentially requires that sentences be reasonably calculated to achieve the overriding purposes of felony sentencing and, with respect to Appellant's argument, that they are consistent with sentences imposed for similar crimes committed by similar offenders. However, not only did Appellant raise this issue on direct appeal, he again raised the issue in his application to reopen his direct appeal. We affirmed the trial court's sentence on direct appeal in *State v. Slagle*, supra, and further rejected this exact argument in our decision denying Appellant's application for reopening.

{¶24} As set forth above, the doctrine of res judicata is applicable to postconviction relief matters. "[T]he doctrine of *res judicata* bars claims for post-conviction relief based on allegations which the petitioner raised, or could have raised, in the trial court or on direct appeal." *State v. Hicks*, supra, ¶ 16, quoting *State v. Howard*, 4th Dist. App. No. 96CA2470, 1997 WL 460061 (Aug. 11, 1997), citing *State v. Perry*, supra, paragraph nine of the syllabus. Thus, as Appellant already raised the issue contained in his third assignment of error in both his direct appeal and his application for reopening, it is barred by the doctrine of res judicata. As such, Appellant's

third assignment of error is overruled.  Accordingly, the decision of the trial court denying Appellant's petition for postconviction relief is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P. J. and Harsha, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**