DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas. The trial court denied appellant's Crim.R. 29 motion for acquittal, and also declined to reexamine its finding that appellant was competent to stand trial. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth the following two assignments of error:
 {¶ 3} "I. The trial court erred in denying defendant's motion for acquittal as the state failed to present sufficient evidence to find defendant guilty of burglary as a matter of law.
 {¶ 4} "A. The finding of guilty was also against the manifest weight of the evidence.
 {¶ 5} "II. The court erred in failing to reconsider the issue of competency of the defendant."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On March 14, 2004, Elaine Ray owned and occupied a home in west Toledo where she lived alone. On March 14, 2004, Ms. Ray locked up and left her home to attend church.
 {¶ 7} During Ms. Ray's absence, an independent eyewitness in the immediate vicinity of her residence observed an unknown man approach her house. This witness observed the unknown man enter the dwelling through a side window. Based upon these suspicious circumstances, the witness immediately notified the authorities.
 {¶ 8} Appellant, Ms. Ray's nephew, traveled to her house on his bicycle. Upon his arrival, appellant went directly to a side window of the garage, forcibly opened the window, and climbed into the garage. Ms. Ray never furnished appellant with a key, garage door opener, or any other mechanism by which he could enter her premises at his pleasure. Appellant did not have permission or authorization from Elaine Ray to be in her home on March 14, 2004.
 {¶ 9} Within several minutes of being notified by the witness, Toledo police arrived on the scene. The responding officers observed appellant inside the garage attempting to close the side garage window. Appellant refused to exit the premises, so the officers made forcible entry and removed him. Appellant initially provided false identity information to the police but the police subsequently learned his actual identify.
 {¶ 10} While appellant was being taken into custody, Elaine Ray arrived home and discovered what had occurred. She unequivocally told the police that the suspect did not have her permission or authorization to enter her home. She advised the police that appellant had a history of drug abuse.
 {¶ 11} On March 22, 2004, appellant was indicted for burglary, in violation of R.C. 2911.12(A)(4). On March 25, 2004, the arraignment was held, appellant was found indigent, and counsel was appointed. On April 30, 2004, a pretrial was conducted and trial was set for June 21, 2004. The trial date was later continued to enable appellant to undergo a court ordered competency evaluation.
 {¶ 12} On July 22, 2004, a competency report prepared by the court diagnostic and treatment center was submitted into evidence. On July 27, 2004, a full hearing on the competency issue was conducted by the trial court. Appellant was deemed competent to stand trial. Trial commenced on August 2, 2004. On August 3, 2004, the jury found appellant guilty and the trial court sentenced him to community control. Following a violation, appellant was sentenced to serve 15 months incarceration. Appellant filed a timely notice of appeal.
 {¶ 13} In his first assignment of error, appellant asserts the trial court erred in denying his Crim.R. 29 motion for acquittal. Appellant maintains the guilty verdict was against the manifest weight of the evidence. In support, appellant claims that he had implied consent, and therefore privilege, to be in the residence.
 {¶ 14} Prevailing precedent mandates our review of a trial court's Crim.R. 29 decision be conducted pursuant to a sufficiency of the evidence standard. The proper purview of our analysis is to determine whether sufficient evidence was furnished so that a rational trier of fact could have found the crime proven beyond a reasonable doubt. Statev. Wilson, 8th Dist. No. 84593, 2005-Ohio-511, at ¶ 9. Thus, we examine the sufficiency of the evidence presented in support of the alleged crime. State v. Newson, 6th Dist. No. H-02-036, 2003-Ohio-4729, at ¶ 4.
 {¶ 15} R.C. 2911.12(A)(4) explicitly states:
 {¶ 16} "(A) No person, by force, stealth or deception, shall do any of the following:
 {¶ 17} "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." Thus, the precipitating act which must occur in order to establish burglary is trespass.
 {¶ 18} R.C. 2911.21 defines trespass in relevant part: "No person, without the privilege to do so, shall do any of the following: (1) Knowingly enter or remain on the land or premises of another." The statute explicitly dictates that one who enters the premises of another without privilege has committed trespass.
 {¶ 19} Appellant argues the state did not establish the underlying act of trespass required for a burglary conviction. Appellant prefaces his argument on the contention that he had implied consent, and therefore privilege, to be in the premises. In support of this argument, appellant points to past instances when he was lawfully in the premises for family events and to assist with chores.
 {¶ 20} The critical factual distinction appellant fails to consider is that on these past occasions, Elaine Ray was at home and consented to his presence. Of greater significance to the assignment of error, past consentdoes not constitute current consent.
 {¶ 21} Elaine Ray clearly testified that appellant did not have permission to be in her home on March 14, 2004. She further testified she never furnished a key to appellant, or in any way consented to unrestricted access at his discretion. This negates appellant's claims that he was lawfully in her residence. Acceptance of appellant's argument on this issue would improperly impose an evidentiary burden and duty in burglary cases upon the premises owner to establish they affirmatively denied future access to a trespasser, rather than simply never having granted the privilege to access the premises.
 {¶ 22} Appellant cites the case of City of Dayton v. Carmen (February 2, 2001), 2d Dist. No. 18050, in support of his implied consent argument. We have reviewed Dayton and find it materially distinguishable from this case. Dayton involved a University of Dayton graduate being issued an order to stay off campus due to a conflict with a professor. A parking pass and library pass were inadvertently issued in conflict with the not to enter order. Interestingly, the transcript of the jury trial and all of the exhibits were lost and unavailable to the appellate court in its review of the case.
 {¶ 23} A case involving a university issuing a parking pass to a graduate, and thereby arguably granting implied consent sufficient to trump a do not enter order, is inherently and materially distinguishable from the matter under review.
 {¶ 24} We have thoroughly reviewed the record from below and find the evidence sufficient to enable a rational trier of fact to find the elements of the crime proven beyond a reasonable doubt. Appellant's first assignment of error is not well-taken.
 {¶ 25} In appellant's second assignment of error, he asserts the trial court erred in failing to reopen and reconsider the issue of his competency after trial had commenced.
 {¶ 26} On June 25, 2004, appellant was referred to the court diagnostic and treatment center for a competency evaluation. On July 22, 2004, a competency report was prepared and submitted into evidence. On July 27, 2004, a competency hearing was conducted by the trial court. The trial court found appellant competent to stand trial. Counsel for appellant renewed his motion questioning competency early at trial. The trial court determined that there was no adequate basis upon which to reconsider the matter.
 {¶ 27} This court has long held that it cannot substitute its judgment for that of the trial court absent an abuse of discretion. State v.Baumgartner, 6th Dist. No. OT-02-029, 2004-Ohio-3908, at ¶ 44. It is axiomatic that an abuse of discretion finding requires more than an error of law or judgment. Such a finding demands a finding that the trial court's attitude was so arbitrary or unconscionable that it was grossly violative of fact or logic. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 28} The record in this case is replete with evidence that appellant was competent and consistently took an active role in his defense. Appellant posed a multitude of precise and direct questions to the court and counsel throughout the case. The questions formulated by appellant were clearly indicative of his comprehension of the events taking place. There is nothing in the record to support a substitution of the trial court's judgment that appellant is "angry and hardheaded," but legally competent. Appellant's second assignment of error is found not well-taken.
 {¶ 29} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.