[Cite as *State v. Smith*, 2020-Ohio-116.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 19CA16 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| AARON SMITH, | : | |
| Defendant-Appellant. | : | **RELEASED 01/07/2020** |

<u>APPEARANCES</u>:

Aaron Smith, Chillicothe, Ohio, pro se.

Anneka P. Collins, Highland County Prosecuting Attorney, Adam J. King, Highland County Assistant Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Hess, J.

{¶1}    Aaron Smith appeals the trial court's denial of his petition for postconviction relief. Smith contends that the trial court did not issue sufficient findings of fact, legal analysis, and conclusions of law. Smith argues that the trial court failed to properly consider the affidavits he submitted, which he contends supported an evidentiary hearing on his petition. Smith also contends that the trial court erred when it determined that the affidavit testimony he submitted to support his petition was inadmissible evidence, when it rejected his claim of ineffective assistance of counsel, and when it failed to hold an evidentiary hearing.

{¶2}    We reject Smith's contentions. The trial court's findings of fact and conclusions of law are sufficiently comprehensive, pertinent to the issues, and demonstrate the basis for the trial court's decision. The trial court gave the affidavits due deference and did not abuse its discretion in finding that the affiants' testimony lacked

relevance. Smith failed to establish ineffective assistance of counsel on the ground that his attorney failed to interview or call certain witnesses. The record shows that his attorney did interview the witnesses Smith identified and determined that their testimony would not be helpful to his defense. Smith's other two grounds for his ineffective assistance of counsel claim – failure to request a continuance so Smith could retain a new attorney and failure to correct alleged errors in Smith's criminal record – are barred by res judicata. If meritorious, they could have been raised in his direct appeal. Finally, because Smith failed to produce sufficient credible evidence to demonstrate a violation of his constitutional right to effective assistance of counsel, he was not entitled to an evidentiary hearing. The trial court did not abuse its discretion when it denied Smith's petition for postconviction relief without a hearing. Consequently, we affirm the judgment of the trial court.

## I. PROCEDURAL HISTORY

{¶3}    After a jury convicted Smith of burglary, a second-degree felony, and theft, a first-degree misdemeanor, the trial court sentenced him to a five-year prison term. Smith appealed, contending that his sentence was unsupported by the record. He argued that he should not have been sentenced to prison, but instead ordered to attend drug rehabilitation for his substance abuse relapse and ordered to pay restitution to the victims. We overruled his assignment of error and affirmed his convictions. *State v. Smith*, 4th Dist. Highland No. 18CA13, 2019-Ohio-275.

{¶4}    Smith filed a timely petition for postconviction relief. In the petition, Smith contended that he was denied effective assistance of counsel because: (1) his attorney failed in his essential duties of pretrial investigation, advisory and sentencing phases of

trial and (2) his trial attorney failed to file a motion to withdraw or support Smith's request for substitute counsel.

{¶5}    To support his first claim, Smith submitted the affidavits of his uncle, Ronald L. Yates (a.k.a. Charlie Yates), and two cousins, April Yates and Stacey Calhoun. In his affidavit Ronald Yates states that he lived in the residence Smith burglarized with his daughter and her husband, Savannah and Travis Ecton. Smith is Yates's nephew and lived next door as a child growing up. During his youth Smith routinely entered Yates's home without permission and Yates had never told Smith he could not enter the house unless invited. The affidavits of April Yates and Stacey Calhoun corroborated their father's affidavit.

{¶6}    Smith contended that Yates's affidavit testimony established that Smith was not trespassing at the time he entered the home, trespass being an element of his burglary conviction. Smith argued that although his trial attorney contacted Yates before the trial, his attorney did not ask "reasonable questions" and adopted a trial strategy different from the one Smith believed would be successful.

{¶7}    As part of his first claim, Smith also contended that his trial attorney was ineffective at the sentencing phase for failing to correct errors in Smith's criminal history. Smith argued that his record states that he was guilty of a 2015 attempted burglary when, in fact, it was robbery, and that his record includes a 2014 illegal possession of drug charge about which Smith has "no knowledge of this charge or why it would be part of my record."

{¶8}    For his second claim, Smith contended that his trial counsel was ineffective for failing to seek a continuance to retain a new attorney because he disagreed with his

attorney's trial strategy. Smith made an oral request for a continuance on the day of trial and the trial court denied it.

{¶9}   The trial court denied Smith's petition for postconviction relief because he failed to support his petition with evidence of sufficient operative facts to demonstrate ineffective assistance of counsel. Specifically, the affidavits attached to Smith's petition established only that Yates had given Smith past consent during childhood to enter the premises. The trial court reviewed the trial transcript and noted that Yates had surgery and was not residing at the home at the time of the burglary or in the two months prior to it.  The sole residents at the time of the burglary were the victims, Savannah and Travis Ecton. Travis Ecton testified that when he came home from work he discovered his front door ajar and an "intruder" in his bedroom, who fled out the back door when Ecton discovered him.  The trial court found that any past privilege Smith may have had to enter the residence was not relevant to whether he had permission from Ecton and his wife to enter the residence, and specifically their bedroom, while they were not there. Thus, the affidavit testimony lacked relevance and would have been inadmissible at trial. *See* July 12, 2019, Decision and Entry Denying Motion for Post Conviction Relief Without Hearing, p. 2-4.

{¶10} Additionally, the trial court found that, even if affidavit testimony were allowed, Smith did not demonstrate that there is a reasonable probability that the result of the trial would have been different if trial counsel would have presented this testimony. Past consent does not constitute current consent. Ecton testified that Smith was an intruder whom he chased out of his bedroom and down the alley until Smith dropped Ecton's belongings and Smith's own wallet in the process.

**{¶11}** As to Smith's contention that his trial counsel failed to effectively interview Yates, the trial court found that the record showed that his attorney did speak with the victims and Smith conceded that his attorney spoke to Yates. The trial court determined that Smith's attorney's decision not to call Yates as a witness was trial strategy and not generally grounds for finding that trial counsel's performance constituted ineffective assistance of counsel. *See* July 12, 2019, Decision and Entry Denying Motion for Post Conviction Relief Without Hearing, p. 6.

**{¶12}** The trial court addressed Smith's second claim that his attorney was ineffective for failing to obtain a trial continuance and for not withdrawing as his attorney. The trial court found that Smith failed to submit an affidavit setting forth the facts alleged in his petition concerning this contention and failed to attach a transcript of the pretrial hearing. The trial court stated that it had reviewed the transcripts of three other pretrial hearings that were part of the record on appeal and found no reference to Smith's request for a continuance or for a new attorney. *See* July 12, 2019, Decision and Entry Denying Motion for Post Conviction Relief Without Hearing, p. 3.

**{¶13}** The trial court found that Smith's petition for postconviction relief did not allege substantive grounds for relief as required to entitle him to postconviction relief under R.C. 2953.21.

**{¶14}** Smith filed a timely appeal.

II. ASSIGNMENTS OF ERROR

**{¶15}** Smith assigns the following errors for our review:

    I.    THE TRIAL COURT ABUSED ITS DISCRETION BY NOT PROPERLY ISSUING SUFFICIENT FINDINGS OF FACT AND CORRECT LEGAL ANALYSIS AND CONCLUSIONS OF LAW.

II.     THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPROPERLY
        CONCLUDED THAT THE TESTIMONY OF THE WITNESSES AS SET
        FORTH IN THE AFFIDAVITS WOULD NOT HAVE BEEN ALLOWED
        UNDER THE RULES OF EVIDENCE.

III.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO
        COLLECTIVELY CONSIDER THE INSTANCES OF INEFFECTIVE
        ASSISTANCE OF COUNSEL CLAIMS DURING PRE-TRIAL, ADVISORY
        AND SENTENCING PHASES OF THE TRIAL.

IV.     THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MY
        PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING.

### III. LAW AND ANALYSIS

#### A. Standard of Review

{¶16} Generally we review decisions granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. In *Gondor,* the Court recognized that the differences between a direct appeal and an appeal from a postconviction relief petition warranted different appellate standards of review. *Id.* at ¶ 53-54. The Court stated, "A postconviction claim is not an ordinary appeal: 'A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment.' " *Id.* at ¶ 48, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). The holding in *Gondor* broadly applies to all appellate postconviction petition review: "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *Gondor* at ¶ 58; *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 7. "A trial court abuses its discretion when

its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19.

**{¶17}** The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905. The postconviction relief proceeding is designed to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). Postconviction review is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Teets,* 4th Dist. Pickaway No. 17CA21, 2018-Ohio-5019, ¶ 14. "This means that any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35.

**{¶18}** A criminal defendant seeking to challenge a conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *Calhoun* at 282, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing, the trial court must determine whether substantive grounds for relief exist. R.C. 2953.21(D). In making such a determination, the court shall consider the petition, supporting affidavits, documentary evidence, and all the files and records from

the case. *Calhoun* at 284 (noting that R.C. 2953.21 "clearly calls for discretion in determining whether to grant a hearing" on a petition for postconviction relief).

**{¶19}** "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11. Moreover, before a hearing is warranted, the petitioner must demonstrate that the claimed "errors resulted in prejudice." *Calhoun* at 283. A court may dismiss a petition for postconviction relief without a hearing when the petitioner fails to submit evidentiary material "demonstrat[ing] that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at paragraph two of the syllabus. *See also State v. Lewis,* 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 11; *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 14.

> A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review. In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition in determining whether to accept the affidavit as true statements of fact. (Citations and internal quotations omitted.)

*State v. Quinn*, 2017-Ohio-8107, 98 N.E.3d 1184, ¶ 35 (2d Dist.).

### B. Trial Court's Finding of Fact and Conclusions of Law

**{¶20}** Smith contends that the trial court did not properly issue sufficient findings of fact and conclusions of law. Smith challenges several of the trial court's factual findings and also contends that the trial court did not review the transcript of one of the pretrial hearings as it was not filed with the clerk of courts until after the trial court issued its decision denying his postconviction petition.

{¶21} If a trial court dismisses a petition for postconviction relief, "it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(D). This requirement is necessary " 'to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' " *Calhoun*, 86 Ohio St.3d 279, at 291, quoting *Jones v. State*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313 (1966). "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun* at 291–292, 714 N.E.2d 905; *State v. Palmer*, 9th Dist. Summit No. 28723, 2018-Ohio-1486, 110 N.E.3d 981, ¶ 23; *State v. Pordash*, 9th Dist. Lorain No. 05CA008673, 2005-Ohio-4252, ¶ 6-7 (Under R.C. 2953.21, if a trial court dismisses a petition for post-conviction relief without a hearing, it has to provide findings of fact and conclusions of law as to why the petition was dismissed such that it informs the petitioner of the grounds for denial); *State v. Farley,* 10th Dist. Franklin No. 03AP-555, 2004-Ohio-1781, ¶ 16. A trial court properly denies a petition for postconviction relief, and issues proper findings of fact and conclusions of law as required by R.C. 2953.21, "where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *State v. Calhoun*, 86 Ohio St.3d 279, 292, 714 N.E.2d 905 (1999).

{¶22} Here, the trial court issued a six-page judgment entry in which it discussed the issues Smith raised, and the findings of fact were sufficient to satisfy the requirements of R.C. 2953.21(D). *See State v. Mayrides*, 10th Dist. Franklin No. 03AP-347, 2004-Ohio-

1623, ¶ 49. Smith challenges the trial court's evaluation of the affidavits he submitted with his petition, contending that the trial court: (1) did not consider the affidavit testimony of his two cousins and (2) misstated the evidence concerning his uncle's affidavit. However, the trial court did review the affidavits and found that the testimony they contained would be inadmissible under the rules of evidence because they established only prior consent to enter the premises during Smith's childhood. Yates was not living at the residence at the time of the burglary; he had been living elsewhere for approximately two months while he recovered from surgery. The only residents at the time of the burglary were the Ectons. Travis Ecton described Smith as an intruder who ran when Ecton discovered him.

**{¶23}** Smith argues that Ecton's "bedroom" is not really a bedroom but rather a dining room/living room area of the residence, which can be walked through to get to other areas of the house. He contends the trial court erred in finding that he was in Ecton's "bedroom." This distinction is meritless because Smith did not have a privilege to be anywhere inside the residence. Ecton testified at trial that he did not give Smith permission to enter his residence:

> Q. Did you give Aaron Smith permission to enter your home on December 21, 2017?
>
> [Ecton]: No.
>
> *         *         *
>
> Q. Did you give Aaron Smith permission to take things from your home on December 21, 2017?
>
> [Ecton]: No.

**{¶24}** Smith also argues that the trial court is required to review all the files and records pertaining to the proceedings and here the trial court failed to review the transcript of the July 10, 2018 pretrial hearing. The record shows that the transcript of this hearing

was not part of the appellate record, nor did Smith submit it with his postconviction petition. The transcript of this hearing was not filed with the clerk of courts until September 27, 2019, approximately two months after Smith filed his postconviction petition and the trial court denied it.[1]

**{¶25}** We find that even if an error occurred, the trial court's failure to review the July 10, 2018 pretrial hearing transcript was harmless. The trial court reviewed an earlier June 22, 2018 pretrial hearing transcript in which Smith's attorney stated that he was able to locate and interview the victims. The July 10, 2018 pretrial hearing transcript supports the trial court's finding that Smith's attorney conducted interviews of the witnesses and decided not to call them as part of his trial strategy:

> [Defense Counsel]: Just to protect the record. I did interview Charles Yates, I tracked him down and have his phone number. After my interview I elected not to call him as a witness.
>
> Court:  Your conclusion, he was not favorable to you client.
>
> [Defense Counsel]: It would not have been favorable to my case Your Honor.
>
> Court: Well, there you go.
>
> [Defense Counsel]: I spoke to him several times on the phone.
>
> *        *        *
>
> [Defense Counsel]: I have interview three people in this case, Your Honor.
>
> Court: And uh did you find that any of them might be helpful to your defense?
>
> [Defense Counsel]: I spoke to the wife Savannah Yates as well, twice and once yesterday and it was not going to be a witness I was going to call, Your Honor.

---

[1] It is not clear from the record why the July 10, 2018 transcript was not part of the appellate record. The clerk's certification references that "all 3 pretrial hearings" were transcribed for purposes of the appellate record, but there were four pretrial hearings, including the July 10, 2018 pretrial held on the day of trial.

**{¶26}** We find no merit to Smith's contention that the trial court failed to issue sufficient findings of fact and conclusions of law in its judgment entry. The trial court issued proper findings of fact and conclusions of law as required by R.C. 2953.21, the findings are comprehensive and pertinent to the issues presented, demonstrate the basis for the trial court's decision, and are supported by the record.  Although the trial court did not review the July 10, 2018 pretrial hearing transcript, any error was harmless. We overrule Smith's first assignment of error.

### C. The Inadmissibility of the Affidavit Testimony

**{¶27}** For his second assignment of error Smith contends that the trial court abused its discretion when it determined that the testimony of his affiants would be inadmissible at trial. The state argues that the affiants' testimony would be inadmissible because it is not relevant under Evid.R. 402. The state argues that while all three affiants testified that Smith grew up next door, was Yates's nephew, and had been allowed in the residence without permission during childhood, there is no timeframe in the affidavits and no testimony about whether permission had been given since Yates moved out of the residence for medical reasons.

**{¶28}** "While a trial court may, in its sound discretion, judge the credibility of affidavits sworn under oath and filed in support of the petition, it must give them 'due deference.' " *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 40, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999). "[I]t is the trial court's province to determine whether, under the circumstances, testimony is 'essentially misleading or too remote' to be deemed relevant. Trial courts have 'broad discretion' in determining relevance, and we are correspondingly 'slow to interfere' with a trial court's

exercise of that discretion." (Citations omitted.) *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 35.

**{¶29}** Here the trial court gave the affiants' testimony due deference and did not abuse its discretion in determining that it was too remote to be deemed relevant. The trial court did not discount the affiants' testimony as less credible or deserving of less weight, rather it was discounted for its lack of relevancy. The fact that Yates may have permitted his nephew to enter his residence when he was a child growing up is not relevant to the issue of whether Smith had permission to enter that same residence as an adult with multiple prior felony convictions, substance abuse issues,[2] and after Yates had moved elsewhere several months prior to the burglary for medical reasons. "*[P]ast consent does not constitute current consent.*" (Emphasis sic.) *State v. Ray*, 6th Dist. Lucas No. L-04-1273, 2005-Ohio-5886, ¶ 20. In *Ray*, Ray argued that he had a privilege to be in his aunt's house and pointed to past instances when he was lawfully in her house for family events and to assist with chores. The appellate court rejected this argument because such a position would "improperly impose an evidentiary burden upon the premises owner to establish they affirmatively denied future access to a trespasser." *Id.* at ¶ 21; *see also State v. Butler*, 8th Dist. Cuyahoga No. 94223, 2010-Ohio-5774, ¶ 12-13 (defendant trespassed in his mother's home even though he had permission to enter the home on prior occasions); *State v. Davis,* 2d Dist. Montgomery No. 22780, 2009-Ohio-2539, ¶ 12-13 (defendant trespassed in his grandmother's home even though he had lived with her sporadically during an eight-year period five years prior to the burglary).

---

[2] *See State v. Smith*, 4th Dist. Highland No. 18CA13, 2019-Ohio-275, ¶ 10-12.

{¶30} We find that the trial court gave the affidavits due deference and did not abuse its discretion in finding the testimony irrelevant to whether Smith had a privilege to enter the residence then occupied by the Ectons. We overrule Smith's second assignment of error.

### D. Cumulative Errors by Trial Counsel

{¶31} For his third assignment of error, Smith contends that the trial court failed to collectively consider the instances of ineffective assistance of counsel. Smith argues that his trial counsel: (1) failed to interview and subpoena three out of three witnesses that he had given him; (2) failed to withdraw as his trial attorney or successfully obtain a continuance of the trial so that Smith could pursue other counsel; and (3) failed to correct alleged mistakes in Smith's criminal record at sentencing.

{¶32} We determined when addressing Smith's first assignment of error that, contrary to Smith's assertions, Smith's attorney did, in fact, interview three witnesses and informed the trial court that he decided not to call the witnesses because they would not provide favorable testimony in Smith's defense. The trial court correctly found that the decision whether to call a witness is a matter of trial strategy. "Counsel's decision to call a witness is a matter of trial strategy. Such decisions will generally not be second-guessed by a reviewing court." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 113. Smith failed to establish ineffective assistance of counsel on this ground.

{¶33} Smith's contentions that his trial counsel was ineffective for failing to withdraw or request a continuance and for failing to correct alleged errors in his criminal record were part of the trial court record and, if meritorious, could have been raised in his direct appeal. Thus, they are barred by res judicata.

> Postconviction relief is not warranted for claims that the petitioner raised or could have raised on direct appeal. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of the trial. (Citations omitted.)

*In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 14.

**{¶34}** Smith's contention that his trial attorney failed to interview witnesses is without merit and unsupported by the record, and the decision not to call witnesses is a matter of trial strategy. Smith's remaining two grounds for his ineffective assistance of counsel claim are barred by res judicata. We overrule Smith's third assignment of error.

### E. Trial Court's Decision not to Hold an Evidentiary Hearing

**{¶35}** For his fourth and final assignment of error, Smith contends that through his first three assignment of errors, he has demonstrated that he was entitled to a hearing on his postconviction relief petition. However, his first three assignments of error are meritless. Smith failed to produce sufficient credible evidence to demonstrate that he suffered a violation of his constitutional right to effective assistance of counsel; therefore, he was not entitled to an evidentiary hearing. We overrule his fourth assignment of error.

### IV. CONCLUSION

**{¶17}** Smith was not entitled to the relief requested in his petition for postconviction relief. The trial court did not abuse its discretion when it denied Smith's postconviction relief petition without a hearing. Having overruled the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**